Hillsborough-southern judicial district
No. 2002-198

BIG LEAGUE ENTERTAINMENT, INC., D/B/A CHUNKY'S CINEMA PUB

v.

BROX INDUSTRIES, INC. *& a.*

Argued: February 6, 2003
Opinion Issued: May 5, 2003

*Sulloway & Hollis, P.L.L.C.*, of Concord (*Martin L. Gross & a.* on the brief, and *John Garvey* orally), for the plaintiff.

*Ouellette, Hallisey, Tanguay and Masse, P.A.*, of Dover (*William L. Tanguay* on the brief and orally), for defendant Brox Industries, Inc.

*Mark F. Sullivan*, of Exeter, by brief and orally, for defendant Bill Hall, Inc.

*Donovan Hatem LLP*, of Boston, Massachusetts (*Jeffrey L. Alitz* on the brief), and *Hatem & Donovan, PC*, of Salem (*Michael D. Hatem* on the brief), for the American Institute of Architects (New Hampshire Chapter) & a., as *amici curiae*.

BRODERICK, J. The plaintiff, Big League Entertainment, Inc., d/b/a Chunky's Cinema Pub, appeals from an order of the Superior Court (*Groff*, J.) granting summary judgment in favor of the defendants, Brox Industries, Inc. (Brox) and Bill Hall, Inc. (Hall). We reverse and remand.

The following facts are undisputed. The plaintiff hired Hall to install a septic system and Brox to construct an adjacent parking lot at Chunky's Cinema Pub in Pelham. The defendants completed construction in June 1997. On February 15, 1998, the plaintiff began experiencing problems with the septic system, and, on February 27, a site inspection took place. Present at the inspection were, among others, Bill Hall of Bill Hall, Inc., Jim Nagel, owner of Chunky's Cinema Pub, and Steve Haight of Edward Herbert Associates, the system's designer. Haight subsequently drafted a memorandum (Haight memorandum), dated March 2, in which he stated that he did not know the exact nature of the problem, but that it "appear[ed] that the leach bed [had] failed." He recommended that the system be replaced. Construction of a new system began in late March. By letter dated May 7, 1998, the plaintiff's insurance carrier denied coverage for the septic system failure, concluding that the cause was "a defect in either the design or construction of the system."

In April 2001, the plaintiff initiated suit against the defendants, alleging one count of negligence against each. The defendants moved for summary judgment on the grounds that the plaintiff's action was barred by the three-year statute of limitations. *See* RSA 508:4, I (1997). The plaintiff countered that its claim was subject to an eight-year statute of limitations, *see* RSA 508:4-b, I (1997), or, alternatively, that the discovery rule of RSA

508:4, I, applied and, accordingly, that its claims were timely filed under that statute's three-year limitations period.

The trial court ruled that RSA 508:4-b is a statute of repose, rather than a statute of limitation. It further ruled that the plaintiff's claim was subject to the three-year limitation period set forth in RSA 508:4, I, and that the discovery rule applied. It concluded that the plaintiff's cause of action arose on February 16, 1998, the date on which the plaintiff began incurring expenses related to the defendants' alleged negligence. The court also concluded, however, that the plaintiff should reasonably have discovered the causal relationship between the defendants' alleged negligence and the injury in early March as a result of the Haight memorandum, which, according to the court, the plaintiff received on or about March 2, 1998. Because the suit was not commenced within three years of this date, the court granted the defendants' motions for summary judgment. This appeal followed.

On appeal, the plaintiff argues that the trial court erroneously: (1) construed RSA 508:4-b as a statute of repose rather than as a statute of limitation; and (2) granted summary judgment despite the existence of a genuine factual dispute.

In reviewing the trial court's grant of summary judgment, we consider the affidavits and other evidence, and all inferences properly drawn from them, in the light most favorable to the non-moving party. *See Del Norte, Inc. v. Provencher*, 142 N.H. 535, 537 (1997). If our review of that evidence discloses no genuine issue of material fact, and if the moving party is entitled to judgment as a matter of law, we will affirm the grant of summary judgment. *Id.* We review the trial court's application of the law to the facts *de novo. See id.*

I

The plaintiff first argues that RSA 508:4-b operates as both a statute of limitation and a statute of repose and that, for construction deficiency actions such as this, the legislature intended RSA 508:4-b to supplant the general statute of limitation found in RSA 508:4, I. Accordingly, it contends that it had eight years after construction was substantially completed to bring suit against the defendants.

RSA 508:4-b, I, provides:

> Except as otherwise provided in this section, all actions to recover damages for injury to property, injury to the person, wrongful death or economic loss arising out of any deficiency in the creation of an improvement to real property, including without limitation the design, labor, materials, engineering,

planning, surveying, construction, observation, supervision or inspection of that improvement, shall be brought within 8 years from the date of substantial completion of the improvement, and not thereafter.

In matters of statutory interpretation, we are the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole. *Matarese v. N.H. Mun. Assoc. Prop.-Liab. Ins. Trust*, 147 N.H. 396, 401 (2002). We interpret statutes in the context of the overall statutory scheme and not in isolation. *Appeal of Brady*, 145 N.H. 308, 310 (2000). We look first to the statutory language itself, and where possible, we ascribe the plain and ordinary meanings to words used. *Matarese*, 147 N.H. at 401. Where the statutory language is ambiguous or where more than one reasonable interpretation exists, we review legislative history to aid in our analysis. *Appeal of Inter-Lakes Sch. Bd.*, 147 N.H. 28, 32 (2001).

"Statutes of limitation and repose may be distinguished both by their method of operation and their underlying purpose." *See v. Hartley*, 896 P.2d 1049, 1052 (Kan. 1995) (quotation omitted). Statutes of limitation generally begin to run at the time of injury or discovery of the injury. *Id.* They serve to place a limit on the time in which a plaintiff may bring suit after a cause of action accrues. 51 AM. JUR. 2D *Limitation of Actions* § 9 (2000). "The main purpose of such statutes is the prevention of stale claims, serving as instruments of public policy and of court management, which do not confer upon defendants any right to be free from liability, although this may be their effect." *See v. Hartley*, 896 P.2d at 1053 (quotations and brackets omitted).

By contrast, statutes of repose "create time limitations which are not measured from the date of injury," *id.* at 1052 (quotation omitted), but rather "usually run[] from an act of a defendant," *id.* at 1053 (quotation omitted). They extinguish a cause of action after a fixed period of time regardless of when the action accrues, potentially barring a plaintiff's suit before there has been an injury or before the action has arisen. 51 AM. JUR. 2D *Limitation of Actions* § 31. They thereby establish an absolute outer boundary in time within which a claim may be asserted. *Id.* "Statutes of repose . . . operate as a grant of immunity serving primarily to relieve potential defendants from anxiety over liability for acts committed long ago." *See v. Hartley*, 896 P.2d at 1053 (quotations omitted). "An action timely filed pursuant to a statute of repose may nevertheless stand barred by an applicable statute of limitations." *Cinco Enterprises, Inc. v. Botts*, 931 P.2d 81, 83 (Okla. Ct. App. 1996).

■ Although we have inconsistently labeled RSA 508:4-b in prior cases, *compare Deschamps v. Camp Dresser & McKee, Inc.*, 113 N.H. 344, 346

(1973) (categorizing previous version of RSA 508:4-b as statute of limitation), *and Henderson Clay Prod's, Inc. v. Edgar Wood & Assoc's, Inc.*, 122 N.H. 800, 801 (1982) (same), *with Antoniou v. Kenick*, 124 N.H. 606, 608 (1984) (categorizing previous version of RSA 508:4-b as statute of repose), we have not directly addressed the issue of whether it is a statute of limitation or a statute of repose. On its face, RSA 508:4-b functions as a statute of repose because it begins to run from "the date of substantial completion of the improvement," wholly independent of any accrual of the cause of action. Furthermore, the legislative findings and purpose clearly demonstrate that the purpose of the statute is to relieve potential defendants from infinite liability perpetuated by the discovery rule. As stated in Laws 1990, 164:1:

> The general court finds that, under current law, builders, designers, architects and others in the building trade are subject to an almost infinite period of liability. This period of liability, based on the discovery rule, particularly affects the building industry and will eventually have very serious adverse effects on the construction of improvements to real estate in New Hampshire. Therefore, it is in the public interest to set a point in time after which no action may be brought for errors and omissions in the planning, design and construction of improvements to real estate.

Based upon its method of operation and its underlying purpose, we hold that RSA 508:4-b operates as a statute of repose. Thus, reading RSA 508:4, I, and RSA 508:4-b together, we conclude that the plaintiff's claim must have been filed within three years of the accrual of the cause of action but no later than eight years after substantial completion of the construction project. This is consistent with other jurisdictions, which have construed similar statutes as statutes of repose and have ruled that claims akin to the one at bar must satisfy both the statute of repose and the applicable statute of limitations. *See, e.g., McKiness Excavating v. Morton Bldgs.*, 507 N.W.2d 405, 408 (Iowa 1993); *O'Connor v. Altus*, 335 A.2d 545, 553 (N.J. 1975); *Samuel Roberts Noble Foundation, Inc. v. Vick*, 840 P.2d 619, 624 (Okla. 1992).

## II

Having concluded that the plaintiff's cause of action is subject to the three-year limitations period set forth in RSA 508:4, I, we now examine whether a genuine factual dispute existed, thereby precluding summary judgment. Applying the discovery rule, the trial court concluded that "the plaintiff should reasonably have discovered [the injury's] causal connection

to the defendants' allegedly negligent acts as a result of Mr. Haight's report which it received on or about March 2, 1998." Accordingly, the court ruled that the cause of action accrued in March 1998 and that the plaintiff's filing in April 2001 was time-barred.

The plaintiff asserts that its action was not time-barred because it did not discover, nor could it have reasonably discovered, that the defendants' negligence caused it harm until May 7, 1998, the date of the letter from its insurance carrier. It further argues that the trial court erred in relying upon the Haight memorandum because there is a genuine factual dispute as to when it received the memorandum and whether the memorandum put it on notice that the defendants' negligent construction caused the septic system to fail. It argues that it did not receive the memorandum until October 1998. The defendants argue that the date of receipt of the Haight memorandum does not serve to trigger the discovery rule. They contend, rather, that the plaintiff was on notice that its cause of action accrued in February 1998, either when the septic system failed on the 15th or when Haight inspected the site on the 27th.

■ Under the discovery rule exception to the statute of limitations, "when the injury [complained of] and its causal relationship to the act or omission were not discovered and could not reasonably have been discovered at the time of the act or omission," the limitations period will only begin to run when "the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the injury and its causal relationship to the act or omission complained of." RSA 508:4, I. This is a two-pronged rule requiring both prongs to be satisfied before the statute of limitations begins to run. First, a plaintiff must know or reasonably should have known that it has been injured; and second, a plaintiff must know or reasonably should have known that its injury was proximately caused by conduct of the defendant.

■ The claim raised here is not that the plaintiff was unaware of its injury at the time it occurred, but, rather, that it was unaware of the causal relation between its damages and the allegedly negligent acts of the defendants in installing the septic system and parking lot. Viewing the evidence in the light most favorable to the plaintiff, we conclude that there is a material factual dispute as to when the plaintiff knew or reasonably should have known that its injury was proximately caused by conduct of the defendants. We thus reverse the trial court's grant of summary judgment and remand for further proceedings.

Finally, the plaintiff and Hall both raise constitutional challenges to RSA 508:4-b. Based upon our decision, we decline to address these arguments. RSA 508:4-b has no bearing at this point on the plaintiff's

cause of action, and therefore, its constitutionality is not properly before us.

*Reversed and remanded.*

BROCK, C.J., and NADEAU, DALIANIS and DUGGAN, JJ., concurred.