Belknap
No. 2004-079

WINNISQUAM REGIONAL SCHOOL DISTRICT

v.

DANIEL J. LEVINE & a.

WINNISQUAM REGIONAL SCHOOL DISTRICT

v.

BUTLER MANUFACTURING COMPANY & a.

Argued: April 5, 2005
Opinion Issued: August 18, 2005

*Devine, Millimet & Branch, P.A.*, of Manchester (*Andrew D. Dunn* and *Donald L. Smith* on the brief, and *Mr. Dunn* orally), for the plaintiff.

*D'Amante Couser Steiner Pellerin, P.A.*, of Concord (*R. James Steiner* and *Gayle M. Braley* on the brief, and *Mr. Steiner* orally), for defendant Dutton & Garfield, Inc.

*Donovan Hatem LLP*, of Boston, Massachusetts (*Jeffrey L. Alitz* on the brief), for American Institute of Architects (New Hampshire Chapter), Structural Engineers of New Hampshire, American Council of Engineering Companies of New Hampshire, Board of Associated Builders

and Contractors (New Hampshire/Vermont Chapter), and Associated General Contractors of New Hampshire, as *amici curiae*.

NADEAU, J. Defendant Dutton & Garfield, Inc. (D & G) appeals an order of the Superior Court (*Perkins*, J.) arguing that the court erred by: (1) holding that the statute of repose found in RSA 508:4-b (1997) was unconstitutional and denying the motion to dismiss; and (2) denying its motion for judgment notwithstanding the verdict. We reverse.

This appeal follows a jury verdict awarding the plaintiff, Winnisquam Regional School District (Winnisquam), damages in the amount of $136,500 resulting from D & G's alleged negligent construction of a replacement roof on a middle school in Winnisquam. D & G began the roof replacement in the summer of 1991 and it was substantially completed by the spring of 1992. Structural problems with the roof were discovered in the spring of 2001. Winnisquam filed suit against D & G seeking damages for negligent construction and design of the replacement roof. D & G filed a motion to dismiss based upon the eight-year statute of repose found in RSA 508:4-b, II. In its objection, Winnisquam argued that RSA 508:4-b was unconstitutional. The trial court denied D & G's motion to dismiss and held that RSA 508:4-b was unconstitutional because it violated equal protection. This appeal followed.

On appeal, D & G argues that the trial court erred: (1) by holding that the statute of repose was unconstitutional; and (2) by refusing to grant its motion for judgment notwithstanding the verdict. In response, Winnisquam argues that: (1) the statute of repose is unconstitutional because it creates unreasonable and arbitrary distinctions between classes of plaintiffs and classes of defendants; (2) the eight-year period in the statute is *"inherently unreasonable* because it eliminates a cause of action before the wrong giving rise to the action can be discovered"; and (3) the statute is unconstitutional because it "creates an unreasonable and arbitrary distinctions [*sic*] between the classes of defendant's [*sic*] involved in the building industry who are entitled to protection."

We first note that the right to recover for one's injuries is not a fundamental right, but rather "an important substantive right." *Carson v. Maurer*, 120 N.H. 925, 931 (1980). We turn then to the issue of whether the statute violates State equal protection rights.

RSA 508:4-b, I, provides:

> Except as otherwise provided in this section, all actions to recover damages for injury to property, injury to the person, wrongful death or economic loss arising out of any deficiency in the creation of an improvement to real property, including without limitation the design, labor, materials, engineering,

planning, surveying, construction, observation, supervision or inspection of that improvement, shall be brought within 8 years from the date of substantial completion of the improvement, and not thereafter.

In defending the trial court's ruling, Winnisquam argues that RSA 508:4-b creates distinctions between plaintiffs and defendants depending upon "whether the injury giving rise to the claim involves an improvement to real property." It argues that:

> [A] plaintiff injured by an undiscoverable defect in a building that was substantially completed nine years ago is prohibited from suing those involved in creating the unsafe condition, while a plaintiff injured by a undiscoverable defect in the design of an automobile that was placed in the stream of commerce nine years ago is free to sue those involved in placing the unsafe automobile in the stream of commerce. Similarly, an architect who negligently designs a building is relieved of all liability after eight years, while a doctor who negligently performs an operation is subject to an "almost infinite period of liability."

Winnisquam contends these are arbitrary and unreasonable classifications under the statute and thus violate the equal protection provisions of Part I, Articles 1 and 14 of the New Hampshire Constitution. *Cf. State v. Basinow*, 117 N.H. 176, 177 (1977). In addition, it argues that the eight-year statute of repose period is *"inherently unreasonable* because it eliminates a cause of action before the wrong may *reasonably* be discovered." We disagree. For ease of analysis we will address both arguments together.

We have held that the equal protection guarantee of the New Hampshire Constitution does not forbid classifications, but requires us to examine the rights affected and the purpose and scope of the classification. *LeClair v. LeClair*, 137 N.H. 213, 222 (1993); *see In re Sandra H.*, 150 N.H. 634, 638 (2004). The issue is whether a difference in treatment is constitutionally permissible.

In determining whether RSA 508:4-b denies Winnisquam equal protection of the laws, the test is whether the challenged classifications are reasonable and have a fair and substantial relation to the object of the legislation. *Carson*, 120 N.H. at 932-33. In applying this test, however, we will not examine the factual basis relied upon by the legislature as justification for the statute. "In the absence of a suspect classification or a fundamental right, courts will not second-guess the legislature as to the wisdom of or necessity for legislation. Our sole inquiry is whether the

legislature could reasonably conceive to be true the facts on which the challenged legislative classifications are based." *Id.* at 933 (quotations and citations omitted).

In *Big League Entertainment, Inc. v. Brox Industries, Inc.*, 149 N.H. 480 (2003), we held that RSA 508:4-b acts as a statute of repose. In reaching that conclusion we looked to the legislative history, which clearly demonstrates that the purpose of the statute is to relieve potential defendants from infinite liability perpetuated by the discovery rule. As stated in Laws 1990, 164:1:

> The general court finds that, under current law, builders, designers, architects and others in the building trade are subject to an almost infinite period of liability. This period of liability, based on the discovery rule, particularly affects the building industry and will eventually have very serious adverse effects on the construction of improvements to real estate in New Hampshire. Therefore, it is in the public interest to set a point in time after which no action may be brought for errors and omissions in the planning, design and construction of improvement to real estate. This act is determined to be in the public interest and to promote and balance the interests of prospective litigants in cases involving planning design and construction of improvements to real property.

A review of the legislative findings and stated purpose for the current enactment of RSA 508:4-b makes clear that the lawmakers intended to promote the public interest by protecting the building industry from infinite liability. The current version of the statute reflects the legislature's concern that those involved in the construction trade not be subject to an almost infinite period of liability. The legislature's rationale for conferring upon the building industry a limited period of time in which a claim could be brought is reasonable, not arbitrary, and bears a fair and substantial relationship to the legislative purpose. Because there is no suspect classification or fundamental right affected here, we disagree with the trial court's conclusion that RSA 508:4-b violates equal protection under our State Constitution.

In *Henderson Clay Products Inc. v. Edgar Wood Associates, Inc.*, 122 N.H. 800, 801 (1982), we held that the classification of potential defendants in a prior version of the statute was unconstitutional. The prior version "set up a classification whereby architects and contractors [were] singled out for protection not granted to materialmen or the suppliers of labor." *Id.* at 801. However, this distinction among potential defendants has been

eliminated from the current version of the statute. The current version applies to all participants in the construction industry.

Winnisquam argues that the current version of the statute violates the Equal Protection Clause because it excludes owners and lawful possessors of the property from the protected group of defendants. *See* RSA 508:4-b, VI. However, the classifications created by the statute are permissible so long as they are "reasonable, not arbitrary, *and* . . . rest upon some ground of difference having a fair and substantial relation to the object of the legislation in order to satisfy State equal protection guarantees." *Carson,* 120 N.H. at 932 (quotation omitted). RSA 508:4-b was enacted to protect builders and there are significant differences between builders and owners or occupiers. Because of those differences, it is legitimate to treat builders differently from owners or occupiers.

Such reasonable distinctions include the ability of owners to inspect and maintain; the ability of owners to restrict and control those who come on the property; the ability of owners to insure at a lower rate; and the greater likelihood that an owner who participated in construction activities will have retained records relating to the project, and will be better able to identify natural forces or third parties who might have contributed to an injury. In addition, when an owner both constructs and controls an improvement, it is more difficult for a court to determine when construction activities were actually completed. *Cf. 1519-1525 Lakeview Blvd. Condo. Ass'n v. Apt. Sales Corp.,* 29 P.3d 1249, 1254 (Wash. 2001). Thus it was reasonable for the legislature to have excluded owners and possessors from the protection of RSA 508:4-b. The exclusion, therefore, is directly related to a legitimate legislative objective. Accordingly, we conclude that the classifications in RSA 508:4-b have a fair and substantial relation to a legitimate State purpose and do not violate principles of equal protection under the New Hampshire Constitution. In light of our decision upholding the constitutionality of RSA 508:4-b, we need not address the remaining arguments because resolution of those issues would have no effect on the outcome of this case. *See Dow v. Town of Effingham,* 148 N.H. 121, 133 (2002).

*Reversed.*

BRODERICK, C.J., and DALIANIS and DUGGAN, JJ., concurred.