**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4936**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

CARL EVAN TOOLEY, II,

        Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert C. Chambers, District Judge. (3:09-cr-00194-1)

Submitted: January 17, 2012        Decided: March 6, 2012

Before NIEMEYER, GREGORY, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Lex A. Coleman, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. R. Booth Goodwin, II, United States Attorney, Lisa G. Johnston, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carl Evan Tooley pleaded guilty to possessing a firearm, in and affecting commerce, after having been convicted of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. §§ 922(g)(9), 924(a)(2) (2006). He had previously been convicted of two misdemeanor crimes of domestic violence, as defined by 18 U.S.C.A. § 921(a)(33) (West 2006 & Supp. 2011). Tooley reserved the right to appeal the denial of his motion to dismiss the indictment based on the argument that his conviction is invalid in light of his as-applied and facial constitutional challenge under the Second Amendment of the Constitution. We affirm.

The sole issue on appeal is whether the prohibition under 18 U.S.C. § 922(g)(9) impermissibly burdens Tooley's Second Amendment right to keep and bear arms. This court reviews de novo the district court's denial of Tooley's as-applied Second Amendment challenge to § 922(g)(9). United States v. Malloy, 568 F.3d 166, 171 (4th Cir. 2009). Section 922(g)(9) prohibits a person who has been convicted of a misdemeanor crime of domestic violence from possessing, shipping, or receiving a firearm in or affecting interstate commerce. 18 U.S.C. § 922(g)(9). Tooley did not contest that he had been convicted of a misdemeanor crime of domestic violence.

2

This appeal was placed in abeyance pending the decision in United States v. Staten, No. 10-5318, 2011 WL 6016976 (4th Cir. Dec. 5, 2011). In Staten, the court addressed an as-applied challenge to § 922(g)(9). Analysis of such a challenge requires a two-part approach. See Staten, 2011 WL 6016976, at *3; United States v. Chapman, No. 10-5071, 2012 WL 11235, at *3 (4th Cir. Jan. 4, 2012) (reviewing the constitutionality of 18 U.S.C. § 922(g)(8) (2006)); United States v. Chester, 628 F.3d 673, 680 (4th Cir. 2010) (Chester II). The first question is "whether the challenged law imposes a burden on conduct falling within the scope of the Second Amendment's guarantee" as historically understood. Staten, 2011 WL 6016976, at *3, citing Chester II, 628 F.3d at 680.

If the challenged law is deemed to impose a burden, the court continues to the second part of the analysis. The second part applies intermediate scrutiny to determine whether the government has shown "a reasonable fit between the challenged regulation and a substantial government objective." Chester II, 628 F.3d at 683 (internal quotation marks omitted).

Staten did not resolve whether § 922(g)(9) imposes a burden on conduct falling within the scope of the Second Amendment's guarantee as historically understood, but, instead, assumed arguendo that it did. Staten, 2011 WL 6016976, at *5. Proceeding to the second part of the analysis, the court held

3

that the government carried its burden of defending the statute as applied to Staten under intermediate scrutiny. Id. at *11.

We conclude that Staten controls the outcome in Tooley's appeal. As in Staten, Tooley argues that his right to self-defense is conduct that falls within the scope of the Second Amendment. Tooley thus argues that strict scrutiny is the appropriate form of means-end scrutiny to test the constitutionality of § 922(g)(9). Staten also strenuously argued that strict scrutiny should apply, but we held that the appropriate inquiry under Chester II is intermediate scrutiny. Staten, 2011 WL 6016976 at *4.

In Staten, we concluded that the government "carried its burden of establishing a reasonable fit between the substantial government objective of reducing domestic gun violence and keeping firearms out of the hands of" persons who have been convicted of domestic violence or threatened the use of a deadly weapon against a person with whom the defendant had a domestic relationship. Id. at *11. Accordingly, we held that § 922(g)(9) satisfies the intermediate scrutiny standard and the as-applied challenge under the Second Amendment failed. Id. In Tooley's case, the government offered empirical support establishing a reasonable fit and in denying Tooley's motion to dismiss, the district court relied on this evidence. Thus, Tooley's challenge on this same basis also fails.

4

Tooley also made a facial challenge to § 922(g)(9) in his motion to dismiss the indictment and continues the argument on appeal. However, to prevail on a facial challenge, Tooley "must establish that no set of circumstances exists under which the Act would be valid. By finding the statute valid as applied to th[is] plaintiff[], the facial challenge fails as well." Urofsky v. Gilmore, 216 F.3d 401, 427 n.1 (4th Cir. 2000) (internal quotation marks and citation omitted); see also United States v. Timms, Nos. 11-6886, 11-6941, 2012 WL 34477, at n.12 (4th Cir. Jan. 9, 2012).

Accordingly, we affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED