NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

———————————

U.S. District Court
No. 2013-184


DENNIS G. HUCKINS

v.

MARK MCSWEENEY & a.

Argued: February 12, 2014
Opinion Issued: April 11, 2014


Douglas, Leonard & Garvey, P.C., of Concord (Charles G. Douglas, III on the brief and orally), for the plaintiff.

Gallagher, Callahan & Gartrell, of Concord (Charles P. Bauer and Samantha D. Elliott on the brief, and Mr. Bauer orally), for the defendants.

CONBOY, J. Pursuant to Supreme Court Rule 34, the United States District Court for the District of New Hampshire (DiClerico, J.) certified the following question for our consideration:

Whether RSA 507-B:2 and RSA 507-B:5 are constitutional under Part I, Article 14 of the New Hampshire Constitution, to the extent they prevent recovery for Plaintiff's claim for civil battery and damages against the Town of Sanbornton under a theory of respondeat superior.

We respond in the affirmative.

The federal district court's order provides the following facts. See Eng Khabbaz v. Comm'r, Social Sec. Admin., 155 N.H. 798, 799 (2007). This case arises from a municipal police officer's use of a stun gun during a field sobriety test. The plaintiff, Dennis G. Huckins, alleges that the police officer, defendant Mark McSweeney, used his stun gun on him "multiple times." McSweeney asserts that he used it only once when the plaintiff began to run away before completing the field sobriety test.

The plaintiff sued McSweeney and his employer, defendant Town of Sanbornton (Town), for damages, alleging, among other claims, a battery claim against McSweeney for his use of the stun gun and a claim that the Town is liable for that battery under the doctrine of respondeat superior. The defendants sought summary judgment on both claims. The court denied McSweeney's motion because the evidence, viewed in the light most favorable to the plaintiff, did not establish that McSweeney fired only once, and because "[n]o reasonable police officer could have believed that the encounter . . . justified firing the [stun gun] a second time." The court denied the Town's motion for summary judgment without prejudice pending certification to this court of the question of whether RSA 507-B:2 (2010) and RSA 507-B:5 (2010) violate Part I, Article 14 of the State Constitution.

"In reviewing a legislative act, we presume it to be constitutional and will not declare it invalid except upon inescapable grounds." State Employees' Assoc. of N.H. v. State of N.H., 161 N.H. 730, 735 (2011) (quotation omitted). "In other words, we will not hold a statute to be unconstitutional unless a clear and substantial conflict exists between it and the constitution." Id. (quotation omitted). "As such, a statute will not be construed to be unconstitutional when it is susceptible to a construction rendering it constitutional." Id. "When doubts exist as to the constitutionality of a statute, those doubts must be resolved in favor of its constitutionality." Id. (quotation omitted). In order to answer the certified question, it is necessary to engage in statutory construction. "We are the final arbiters of the legislature's intent as expressed in the words of a statute considered as a whole." Roberts v. Town of Windham, 165 N.H. 186, 190 (2013).

RSA 507-B:5 provides: "No governmental unit shall be held liable in any action to recover for bodily injury, personal injury or property damage, except as provided by this chapter or as is provided or may be provided by other statute." It is undisputed that the Town is a "governmental unit" within the meaning of RSA chapter 507-B and that the plaintiff's action is an action to recover for bodily injury. See RSA 507-B:1, I, II (2010). Under RSA 507-B:2, a "governmental unit may be held liable" in a bodily injury action "caused by its

2

fault or the fault attributable to it, arising out of the ownership, occupation, maintenance or operation of all motor vehicles, and all premises."

We note first the scope of the plaintiff's constitutional challenge. See State v. Hollenbeck, 164 N.H. 154, 158 (2012). A party "may challenge the constitutionality of a statute by asserting a facial challenge, an as-applied challenge, or both." Id. (quotation omitted). "A facial challenge is a head-on attack of a legislative judgment, an assertion that the challenged statute violates the Constitution in all, or virtually all, of its applications." Id. (quotation omitted). "To prevail on a facial challenge to a statute, the challenger must establish that no set of circumstances exists under which the Act would be valid." Id. (quotation omitted). "[A]n as-applied challenge, on the other hand, concedes that the statute may be constitutional in many of its applications, but contends that it is not so under the particular circumstances of the case." Id. (quotation omitted).

The plaintiff argues that RSA 507-B:2 and RSA 507-B:5 are unconstitutional both facially and as applied to the circumstances of this case. We begin by addressing his as-applied challenge because, if the statutes are constitutional as applied to the plaintiff, then, by necessity, both of his challenges must fail. See id.

Part I, Article 14 of the State Constitution provides:

> Every subject of this state is entitled to a certain remedy, by having recourse to the laws, for all injuries he may receive in his person, property, or character; to obtain right and justice freely, without being obliged to purchase it; completely, and without any denial; promptly, and without delay; conformably to the laws.

The purpose of this provision is to make civil remedies available and to guard against arbitrary and discriminatory infringements upon access to courts. Ocasio v. Fed. Express Corp., 162 N.H. 436, 448 (2011). "The right to a remedy is not a fundamental right, but is relative and does not prohibit all impairments of the right of access." Petition of Goffstown Educ. Support Staff, 150 N.H. 795, 803 (2004). However, Part I, Article 14 "does not guarantee that all injured persons will receive full compensation for their injuries." Ocasio, 162 N.H. at 448 (quotation omitted).

The plaintiff contends that RSA 507-B:2 and RSA 507-B:5 violate Part I, Article 14 because, although he may maintain a personal injury action against McSweeney, that remedy is "constitutionally inadequate" and "is a hollow recovery." We squarely rejected a similar argument in Ocasio. In that case, the plaintiff argued that the trial court erred by allowing the jury to apportion fault to his employer even though the employer was immune from liability pursuant

3

to a federal law. Id. at 439, 440-41. In affirming the trial court's decision, we held that the plaintiff's inability to recover from his employer did not deprive him of his constitutional right to a remedy. Id. at 448-49. We explained that the statute under which fault had been apportioned, as applied, did not deprive the plaintiff of his right to seek other relief for his injuries, including bringing "suit against a third party defendant who bears responsibility for his injuries." Id. at 449; see Petition of Goffstown Educ. Support Staff, 150 N.H. at 801, 803 (school support staff were not deprived of their right to a remedy merely because they could not rely upon a specific statute to "buy-back" credits for certain services when the staff potentially had equitable remedies against the school district and could purchase prior service credits under a different statutory provision); State v. City of Dover, 153 N.H. 181, 183, 192-93 (2006) (assuming that municipalities have a constitutional right to a remedy, court ruled that their right to a remedy was not denied because, although they could not bring their suits concerning methyl tertiary butyl ether contamination, they could obtain relief through the State's lawsuit). Similarly, in the instant matter, RSA 507-B:2 and RSA 507-B:5 do not infringe upon the plaintiff's statutory or common law rights to bring a direct claim against the alleged tortfeasor in this case, McSweeney. Accordingly, like the plaintiff in Ocasio, the plaintiff in this case has not been deprived of his right to a remedy under the New Hampshire Constitution. Like the plaintiff in Ocasio, the plaintiff here has legal recourse to recover damages for his injuries from the party allegedly responsible for them – here, McSweeney.

The plaintiff also contends that RSA 507-B:2 and RSA 507-B:5 violate his constitutional right to equal protection because they result in different treatment of plaintiffs injured by municipal employees and those injured by State employees. The defendants argue that this question is not properly before us. Although the certified question cites only Part I, Article 14 of the State Constitution, we have previously held that Part I, Article 14 "is basically an equal protection clause in that it implies that all litigants similarly situated may appeal to the courts both for relief and for defense under like conditions and with like protection and without discrimination." Appeal of Silverstein, 163 N.H. 192, 201 (2012) (quotation omitted). Moreover, we have addressed alleged violations of a litigant's rights to a remedy and to equal protection by engaging in a single analysis. See, e.g., City of Dover v. Imperial Cas. & Indemn. Co., 133 N.H. 109, 116-20 (1990). Accordingly, for the purposes of answering the certified question, we agree with the plaintiff that his equal protection argument is properly before us.

However, the plaintiff's argument erroneously presumes a difference in the treatment of plaintiffs injured by a municipal employee's intentional tort and those injured by a State employee's intentional tort. Given our prior jurisprudence and our obligation to construe statutes to be constitutional if at

4

all possible, see State Employees' Assoc. of N.H., 161 N.H. at 735, we conclude that no such difference exists.

Our prior cases establish that neither Part I, Article 14 nor the equal protection guarantee is violated when the State immunizes itself and its municipalities from liability for intentional torts by governmental employees acting under a reasonable belief that the offending conduct was authorized by law. See City of Dover, 133 N.H. at 115 (addressing municipal immunity); Opinion of the Justices, 126 N.H. 554, 564-65 (1985) (addressing immunity of State). It is constitutional to circumscribe the liability of the State and municipalities in this way "because unbridled liability exposure . . . would discourage diligent service on the part of [government] personnel and thus would impair [government] functioning." Opinion of the Justices, 126 N.H. at 564. "Given the societal importance of maintaining vigilant government personnel," neither the State nor its municipalities are "constitutionally compelled to expose [themselves] to liability for intentional torts committed by government officials or employees who act under a reasonable belief in the lawfulness of their conduct." Id.

On the other hand, under our prior cases, it is unconstitutional for the State to immunize itself or its municipalities from liability for intentional torts committed by government employees when those torts are not grounded on a reasonable belief in the lawfulness of the disputed act. Id. at 564-65. "[I]n such instances, the citizen's constitutional right to the redress of injuries prevails." Id. at 565. Consistent with our jurisprudence, the legislature enacted RSA 541-B:19 (2007), under which the State has sovereign immunity for

> [a]ny claim arising out of an intentional tort, including . . . battery . . . provided that the employee whose conduct gives rise to the claim reasonably believes, at the time of the acts or omissions complained of, that his conduct was lawful, and provided further that the acts complained of were within the scope of official duties of the employee for the state.

RSA 541-B:19, I(d).

In light of our obligation to construe RSA 507-B:2 and RSA 507-B:5 so that they comply with the State Constitution, see State Employees' Assoc. of N.H., 161 N.H. at 735, we conclude that they provide immunity to municipalities for any intentional tort committed by a municipal employee under the same terms and conditions as RSA 541-B:19 provides sovereign immunity to the State for any intentional tort committed by a State employee. Thus, so construed, RSA 507-B:2 and RSA 507-B:5 do not result in different

5

treatment of plaintiffs injured by municipal employee intentional torts and of plaintiffs injured by State employee intentional torts.

At oral argument, the plaintiff challenged our interpretation of RSA 507-B:2 and RSA 507-B:5 in <u>Dichiara v. Sanborn Regional School District</u>, 165 N.H. ___, ___, 82 A.3d 225, 228 (2013).  In that case, we held that RSA 507-B:2 provides an exception to municipal immunity for negligence claims "only when there is a nexus between the claim and the governmental unit's ownership, occupation, maintenance, or operation of a motor vehicle or premises." <u>Dichiara</u>, 165 N.H. at ___, 82 A.3d at 228.  The plaintiff argues that our statutory construction in <u>Dichiara</u> results in different treatment of individuals injured by municipal employee negligence and those injured by State employee negligence.  We have no occasion to reach this question in the instant matter because the plaintiff has alleged no negligence claim against either McSweeney or the Town.  Moreover, the plaintiff's only vicarious liability claim against the Town concerns McSweeney's alleged battery, which is an intentional tort.

Because the statutes are constitutional as applied to the plaintiff, they necessarily are also facially constitutional.  <u>See</u> <u>Hollenbeck</u>, 164 N.H. at 158; <u>United States v. Tooley</u>, 468 Fed. Appx. 357, 359 (4th Cir. 2012) (per curiam) ("Tooley also made a facial challenge to [the statute] in his motion to dismiss the indictment and continues the argument on appeal.  However, to prevail on a facial challenge, Tooley 'must establish that no set of circumstances exists under which the Act would be valid.  By finding the statute valid as applied to th[is] plaintiff[ ], the facial challenge fails as well.'").  Accordingly, for the foregoing reasons, we answer the certified question in the affirmative.

<u>Remanded</u>.

DALIANIS, C.J., and HICKS and BASSETT, JJ., concurred.