Strafford
No. 2014-160

JILLIAN LENNARTZ

v.

OAK POINT ASSOCIATES, P.A. & a.

Argued: November 12, 2014
Opinion Issued: February 20, 2015

460

*Bussiere & Bussiere, P.A.*, of Manchester (*John P. Fagan* on the brief and orally), for the plaintiff.

*Donovan Hatem LLP*, of Boston, Massachusetts (*Kelly Martin Malone* and *Michael E. Coghlan* on the brief, and *Mr. Coghlan* orally), for defendant Oak Point Associates, P.A.

*Desmarais, Ewing & Johnston, PLLC*, of Manchester (*Debra L. Mayotte* and *Heather Silverstein* on the brief, and *Ms. Silverstein* orally), for defendant Ambient Temperature Corporation.

DALIANIS, C.J. The plaintiff, Jillian Lennartz, appeals a decision of the Superior Court (*Tucker*, J.) granting summary judgment to the defendants, Oak Point Associates, P.A. (Oak Point) and Ambient Temperature Corporation (Ambient), on the ground that RSA 508:4-b, I (2010) barred the plaintiff's claims against them. We affirm.

The following facts were recited by the trial court or are otherwise undisputed. The defendants were involved in various aspects of the design, construction, and installation of a ventilation system in a research laboratory at the University of New Hampshire (UNH). By November 2003, the project was substantially complete. In November 2009, the plaintiff suffered injuries while working in the laboratory due to a faulty vent pipe that exposed her to toxic fumes.

In February 2012, the plaintiff filed a negligence action against Oak Point, and in November 2012, she added Ambient as a defendant. The plaintiff also sued UNH, which owned the laboratory where the plaintiff was injured, but she eventually settled her claims with UNH.

The defendants subsequently filed motions for summary judgment, arguing that the plaintiff's claims were barred by the statute of repose found in RSA 508:4-b, I. *See Winnisquam Reg. Sch. Dist. v. Levine*, 152 N.H. 537 (2005); *Big League Entm't v. Brox Indus.*, 149 N.H. 480 (2003). In response, the plaintiff argued that, as applied to her, RSA 508:4-b, I, violated her rights to a remedy, equal protection, and due process under the New Hampshire Constitution. *See* N.H. CONST. pt. I, arts. 1, 2, 12, 14.

The trial court granted the summary judgment motions, concluding that RSA 508:4-b, I, barred the plaintiff's claims because she sued the defendants more than eight years after the ventilation system was substantially completed. The court also determined that, as applied, RSA 508:4-b, I, did not violate the plaintiff's constitutional rights. The plaintiff unsuccessfully sought reconsideration, and this appeal followed.

In reviewing the trial court's grant of summary judgment, we consider the affidavits and other evidence, and all inferences properly drawn from them, in the light most favorable to the non-moving party. *Phaneuf Funeral Home v. Little Giant Pump Co.*, 163 N.H. 727, 730 (2012). If our review of that evidence discloses no genuine issue of material fact, and if the moving party is entitled to judgment as a matter of law, we will affirm the grant of summary judgment. *Id.* We review the trial court's application of the law to the facts *de novo. Id.*

On appeal, the plaintiff first asserts that the trial court erred in concluding that RSA 508:4-b, I, did not violate her rights to equal protection and to a remedy under the New Hampshire Constitution. We address these arguments by engaging in a single analysis. *See Huckins v. McSweeney*, 166 N.H. 176, 181 (2014); *see also* N.H. CONST. pt. I, arts. 1, 2, 12, 14.

■ We also note the scope of the plaintiff's constitutional challenge to RSA 508:4-b, I. "A party may challenge the constitutionality of a statute by asserting a facial challenge, an as-applied challenge, or both." *Huckins*, 166 N.H. at 179 (quotation omitted). Here, the plaintiff asserts only an as-applied challenge. As such, her challenge "concedes that [RSA 508:4-b, I] may be constitutional in many of its applications, but contends that it is not so under the particular circumstances of the case." *Id.* (quotation omitted).

■ The constitutionality of a statute involves a question of law, which we review *de novo. Alonzi v. Northeast Generation Servs. Co.*, 156 N.H. 656, 662 (2008). Further, we presume statutes to be constitutional and we will not declare one invalid except upon inescapable grounds. *Id.*

RSA 508:4-b, I, provides:

> Except as otherwise provided in this section, all actions to recover damages for injury to property, injury to the person, wrongful death or economic loss arising out of any deficiency in the creation of an improvement to real property, including without limitation the design, labor, materials, engineering, planning, surveying, construction, observation, supervision or inspection of that improvement, shall be brought within 8 years from the date of substantial completion of the improvement, and not thereafter.

The plaintiff principally argues that RSA 508:4-b, I, violates principles of equal protection because it barred her accrued cause of action without application of the discovery rule contained within the limitations period found in RSA 508:4, I (2010). We disagree.

■ The "equal protection guarantee is essentially a direction that all persons similarly situated should be treated alike." *Alonzi*, 156 N.H. at 662 (quotation omitted). A classification cannot be arbitrary, but must reasonably promote some proper object of public welfare or interest. *Id.* In considering an equal protection challenge under our State Constitution, we must first determine the standard of review by examining the purpose and scope of the State-created classification and the individual rights affected. *Id.* The possible review standards are commonly known as strict scrutiny, intermediate scrutiny, and the rational basis test. *Id.* Because the right to

recover for one's injuries implicates an important substantive right, *see Winnisquam Reg. Sch. Dist.*, 152 N.H. at 538, intermediate scrutiny applies in this case, *see Cmty. Res. for Justice v. City of Manchester*, 154 N.H. 748, 758 (2007).

Under our prior articulation of the intermediate scrutiny test, we rejected a nearly identical argument to the one the plaintiff now makes. *See Winnisquam Reg. Sch. Dist.*, 152 N.H. at 539-40. In *Winnisquam Regional School District*, we explained that, based upon the legislative history of RSA 508:4-b, I, the purpose of the statute is to relieve the building industry from potentially infinite liability under the discovery rule. *Id.* at 540. We then concluded that, under our prior intermediate scrutiny test, the statute did not violate equal protection under the State Constitution because the "legislature's rationale for conferring upon the building industry a limited period of time in which a claim could be brought is reasonable, not arbitrary, and bears a fair and substantial relationship to the legislative purpose." *Id.*

After that decision, we clarified our intermediate scrutiny test. *See Cmty. Res. for Justice*, 154 N.H. at 762. "[I]ntermediate scrutiny under the State Constitution [now] requires that the challenged legislation be substantially related to an important governmental objective." *Id.* Additionally, the burden to demonstrate that the challenged legislation meets this test now rests with the party seeking to uphold the statute. *Id.* To meet the burden, that party may not rely upon justifications that are hypothesized or invented *post hoc* in response to litigation, nor upon overbroad generalizations. *Id.*

Although our test for intermediate scrutiny has changed, we reach the same result here as we did in *Winnisquam Regional School District*. The plaintiff concedes that the purpose of RSA 508:4-b, I, in preventing potentially infinite liability in the building industry is an important government objective, and we see no reason to modify our prior conclusion that the statute "bears a . . . substantial relationship to . . . [this] purpose." *Winnisquam Reg. Sch. Dist.*, 152 N.H. at 540. Accordingly, the statute does not violate principles of equal protection under our State Constitution.

The plaintiff also argues that RSA 508:4-b, I, violates the equal protection guarantee because: (1) the defendants did not face potentially infinite liability given her date of injury; (2) her right to recover "outweigh[s] the theoretical interests of the [defendants] in freedom from infinite liability"; (3) she unsuccessfully attempted to identify and sue the defendants before the expiration of the repose period; and (4) had she been injured earlier, she could have sued before the repose period expired. We, however, are not persuaded by any of these arguments. Having engaged in a single analysis

to address the plaintiff's arguments regarding her rights to equal protection and to a remedy, *see Huckins*, 166 N.H. at 181, we conclude that neither the plaintiff's constitutional right to equal protection nor her right to a remedy was violated in this case.

■ The plaintiff next argues that applying RSA 508:4-b, I, to her claims violates her right to procedural due process under the State Constitution because without the discovery rule, the procedure was "fundamentally unfair." The plaintiff has failed to develop this argument sufficiently for our review. "Judicial review is not warranted for complaints regarding adverse rulings without developed legal argument, and neither passing reference to constitutional claims nor off-hand invocations of constitutional rights without support by legal argument or authority warrants extended consideration." *Appeal of Omega Entm't*, 156 N.H. 282, 287 (2007).

■ The plaintiff also argues that she lacked adequate notice of the application of the statute of repose to bar her claims. We reject this argument because every person is presumed to know the law and, therefore, to organize his or her conduct and affairs accordingly. *See Petition of Lussier*, 161 N.H. 153, 159 (2010). The plaintiff, then, is presumed to have known about both the statute of repose and the statute of limitations prior to filing suit in this case; she is also presumed to have known that claims "must satisfy both the statute of repose and the applicable statute of limitations." *Big League Entm't*, 149 N.H. at 484. Any suggestion by the plaintiff to the contrary is, therefore, unavailing.

To the extent that the plaintiff asserts any additional arguments, we conclude that such arguments do not warrant further discussion. *See Vogel v. Vogel*, 137 N.H. 321, 322 (1993).

*Affirmed.*

CONBOY, LYNN, and BASSETT, JJ., concurred.