# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0273, <u>Robert Gormley & a. v. Rough Diamond Development, LLC & a.</u>, the court on March 10, 2020, issued the following order:**

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. The plaintiffs, Robert and Laurie Gormley, appeal an order of the Superior Court (<u>Temple</u>, J.) dismissing their action against the defendants, Rough Diamond Development, LLC (Rough Diamond) and State Farm Fire & Casualty Co. (State Farm), for damages related to the design and construction of their home, on the ground that it is barred by the eight-year statute of repose, <u>see</u> RSA 508:4-b (2010). We affirm.

The plaintiffs allege the following facts, which we accept as true for the purposes of this appeal. In March 2009, the plaintiffs purchased a single-family residence in Merrimack. The home had been renovated in 2008, and, in early 2009, Rough Diamond built an addition to the property. In May 2009, just two months after the plaintiffs bought the property, a fire destroyed the addition. At the time, the plaintiffs had a homeowners' insurance policy issued by State Farm. State Farm covered the loss and engaged another contractor to rebuild the addition as it had originally been constructed, based upon the design prepared by Rough Diamond. During the construction, the plaintiffs lived in a hotel. They returned to the home in the fall of 2009.

Since then, the floor joists supporting the addition have rotted and deteriorated significantly. The rot, caused by high moisture and humidity levels, has significantly weakened the overall strength of the joists. In addition, the moisture and humidity have caused mold and fungus to grow on the joists. The rot and mold have rendered the addition uninhabitable. The entire floor assembly and crawl space must be reconstructed properly, with appropriate humidity-level controls.

In June 2018, as a result of these alleged shortcomings, the plaintiffs sued Rough Diamond for negligence and violations of the New Hampshire Consumer Protection Act, <u>see</u> RSA ch. 358-A (2009 & Supp. 2019), and sued State Farm for breach of contract. The defendants moved to dismiss on the ground that the plaintiffs' claims are barred by the eight-year statute of repose. <u>See</u> RSA 508:4-b, I. The trial court granted the motion, finding that the latest date on which the construction was substantially completed was December 21,

2009, and that the plaintiffs' lawsuit filed more than eight years later was barred by the statute of repose. In so ruling, the trial court rejected the plaintiffs' assertion that the statute of repose is unconstitutional as applied to them because it violates their right to a remedy under Part I, Article 14 of the State Constitution. However, the court granted the plaintiffs leave to amend their complaint.

In their amended complaint, the plaintiffs alleged that they "did not discover" the fact that their floor joists had "significantly rotted and deteriorated" until "the fall of 2015." In addition, they alleged that "after the expiration of the limitations period in the applicable statute of repose," Mrs. Gormley discovered that she had "debilitating symptoms as a result of the mold that has accumulated underneath the addition." (Emphasis omitted.)

The defendants again moved to dismiss on statute of repose grounds. The plaintiffs again argued that it was unconstitutional to apply the statute of repose to their claims, and the trial court again rejected that argument. This appeal followed.

In reviewing the trial court's grant of a motion to dismiss for failure to state a claim, our standard of review is whether the allegations in the plaintiffs' pleadings are reasonably susceptible to a construction that would permit recovery. Plaisted v. LaBrie, 165 N.H. 194, 195 (2013). We assume that the plaintiffs' well-pleaded allegations of fact are true and construe all reasonable inferences in the light most favorable to them. Id. We then engage in a threshold inquiry that tests the facts in the complaint against the applicable law, and if the allegations do not constitute a basis for legal relief, we must hold that granting the motion to dismiss was proper. See id.

On appeal, the plaintiffs argue that RSA 508:4-b, I, as applied to them, deprives them "of due process under the state access to the courts provision in the New Hampshire Constitution because it deprives [them] of a right to a remedy." We interpret this as an argument that applying RSA 508:4-b, I, to their claims deprives the plaintiffs of their right to a remedy under Part I, Article 14 of the State Constitution. To the extent that the plaintiffs may have intended to make a different argument under the State Constitution, we conclude that they have failed to develop it sufficiently for our review. See Lennartz v. Oak Point Assocs., 167 N.H. 459, 464 (2015).

The plaintiffs assert only an as-applied challenge to RSA 508:4-b, I. As such, their challenge "concedes that RSA 508:4-b, I, may be constitutional in many of its applications, but contends that it is not so under the particular circumstances of this case." Id. at 462 (quotation and brackets omitted). "The constitutionality of a statute involves a question of law, which we review de novo." Id. "Further, we presume statutes to be constitutional and we will not declare one invalid except upon inescapable grounds." Id.

2

RSA 508:4-b, I, provides:

> Except as otherwise provided in this section, all actions to recover damages for injury to property, injury to the person, wrongful death or economic loss arising out of any deficiency in the creation of an improvement to real property, including without limitation the design, labor, materials, engineering, planning, surveying, construction, observation, supervision or inspection of that improvement, shall be brought within 8 years from the date of substantial completion of the improvement, and not thereafter.

RSA 508:4-b, I, is a statute of repose. Big League Entm't v. Brox Indus., 149 N.H. 480, 484 (2003). Unlike a statute of limitations, which generally begins to run at the time of injury or discovery of the injury, a statute of repose usually begins to run at the time of a defendant's act. See id. at 483. Thus, statutes of repose "extinguish a cause of action after a fixed period of time regardless of when the action accrues, potentially barring a plaintiff's suit before there has been an injury or before the action has arisen." Id.

"RSA 508:4-b functions as a statute of repose because it begins to run from the date of substantial completion of the improvement, wholly independent of any accrual of the cause of action." Id. at 484 (quotation omitted). Moreover, "the legislative findings and purpose clearly demonstrate that the purpose of the statute is to relieve potential defendants from infinite liability perpetuated by the discovery rule." Id.; see Rankin v. S. St. Downtown Holdings, 172 N.H. 500, 508 (2019); Laws 1990, 164:1.

We have held that a plaintiff must comply with both the statute of repose and the applicable statute of limitations. Big League Entm't, 149 N.H. at 484. Thus, in a case involving a three-year statute of limitations, we "conclud[ed] that the plaintiff's claim must have been filed within three years of the accrual of the cause of action but no later than eight years after substantial completion of the project." Id.

> Part I, Article 14 of the State Constitution provides:

> Every subject of this state is entitled to a certain remedy, by having recourse to the laws, for all injuries he may receive in his person, property, or character; to obtain right and justice freely, without being obliged to purchase it; completely, and without any denial; promptly, and without delay; conformably to the laws.

"The purpose of this provision is to make civil remedies available and to guard against arbitrary and discriminatory infringements upon access to courts." Huckins v. McSweeney, 166 N.H. 176, 180 (2014). "The right to a remedy is not a fundamental right, but is relative and does not prohibit all impairments

3

of the right of access." Id. (quotation omitted). Moreover, "Part I, Article 14 does not guarantee that all injured persons will receive full compensation for their injuries." Id. (quotation omitted). Part I, Article 14 "is basically an equal protection clause in that it implies that all litigants similarly situated may appeal to the courts both for relief and for defense under like conditions and with like protection and without discrimination." Id. at 181 (quotation omitted). Accordingly, "we have addressed alleged violations of a litigant's right to a remedy and to equal protection by engaging in a single analysis." Id.

In Lennartz and Winnisquam Regional School District v. Levine, 152 N.H. 537 (2005), we upheld RSA 508:4-b, I, against constitutional challenges similar to those in this case. In Lennartz, the construction at issue was substantially completed in November 2003; the plaintiff was injured six years later; and she filed a negligence action three years after she was injured (nine years after the construction was substantially completed). Lennartz, 167 N.H. at 461. The plaintiff argued that "the trial court erred in concluding that RSA 508:4-b, I, did not violate her rights to equal protection and to a remedy under the New Hampshire Constitution." Id. at 462. The plaintiff asserted that the statute of repose is unconstitutional "because it barred her accrued cause of action without application of the discovery rule." Id. Addressing her arguments in a single analysis and applying our intermediate scrutiny test, we upheld the constitutionality of RSA 508:4-b, I, because it bears a substantial relationship to its admittedly important governmental objective, to prevent potentially infinite liability in the building industry. Id. at 462-63.

Lennartz was based in large part on Levine. In that case, the defendant completed substantial construction of a replacement roof in the spring of 1992. Levine, 152 N.H. at 538. Structural problems with the roof were discovered in 2001. Id. The plaintiff school district filed suit thereafter. Id. The trial court denied the defendant's motion to dismiss on statute of repose grounds, ruling that the statute of repose was unconstitutional. Id. In response to the defendant's appellate arguments, the school district argued that the eight-year period in the statute is inherently unreasonable because it eliminates a cause of action before the wrong given rise to it can be discovered. Id. We construed the school district's argument as an equal protection argument. Id. In rejecting it, we applied our then-current test for intermediate scrutiny, and concluded that "[t]he legislature's rationale for conferring upon the building industry a limited period of time in which a claim could be brought is reasonable, not arbitrary, and bears a fair and substantial relationship to the legislative purpose" of the statute, which is to "protect[ ] the building industry from infinite liability." Id. at 540; see Lennartz, 167 N.H. at 463 (identifying the test we applied in Levine).

In the instant appeal, the plaintiffs argue that Lennartz is not dispositive because, there, the plaintiff's "claim and damages" had "fully accrued several years before she filed a lawsuit, and well within the period set forth in the

4

statute of repose." By contrast, the plaintiffs contend, they "were still investigating their claims . . . when . . . the statute of repose expired." However, the very nature of a statute of repose is to extinguish a cause of action after a set period of time, regardless of when it accrues, and the legislative purpose of the statute is to relieve potential building trade defendants from "infinite liability perpetuated by the discovery rule." Big League Entm't, 149 N.H. at 483, 484. Accordingly, we fail to see how the allegation that the plaintiffs were still investigating their claims when the statute of repose expired renders its application to those claims unconstitutional.

The plaintiffs contend that Levine is distinguishable because, in that case, we "did not address the constitutional challenge being asserted here — that the statute of repose denies [them] a right to a remedy." As previously explained, however, because Part I, Article 14 "is basically an equal protection clause . . . , we have addressed alleged violations of a litigant's right to a remedy and to equal protection by engaging in a single analysis." Huckins, 166 N.H. at 181 (quotation and citation omitted). Thus, although we analyzed the arguments in Levine under the equal protection clause of our State Constitution, Levine applies to the plaintiffs' right-to-a-remedy claim.

To support their arguments, the plaintiffs rely upon cases from other jurisdictions. To the extent that they urge us to overrule Lennartz and Levine and adopt the rule from those jurisdictions, we decline their invitation. See Jacobs v. Director, N.H. Div. of Motor Vehicles, 149 N.H. 502, 504-06 (2003).

"The doctrine of stare decisis demands respect in a society governed by the rule of law, for when governing legal standards are open to revision in every case, deciding cases becomes a mere exercise of judicial will with arbitrary and unpredictable results." Id. at 504 (quotations omitted). "[W]hen asked to reconsider a holding, the question is not whether we would decide the issue differently de novo, but whether the ruling has come to be seen so clearly as error that its enforcement was for that very reason doomed." State v. Quintero, 162 N.H. 526, 539 (2011) (quotation omitted). Thus, we will overturn a decision only after considering: (1) whether the rule has proven to be intolerable simply by defying practical workability; (2) whether the rule is subject to a kind of reliance that would lend a special hardship to the consequence of overruling; (3) whether related principles of law have so far developed as to have left the old rule no more than a remnant of abandoned doctrine; and (4) whether facts have so changed, or come to be seen so differently, as to have robbed the old rule of significant application or justification. Id. at 532-33. Although these factors guide our judgment, no single factor is wholly determinative, because the doctrine of stare decisis is not one to be either rigidly applied or blindly followed. Id. at 533. Having failed to brief any of the four stare decisis factors, the plaintiffs have not persuaded us

that our decisions in <u>Lennartz</u> and <u>Levine</u> should be overruled.  <u>See</u> <u>Ford v. N.H. Dep't of Transp.</u>, 163 N.H. 284, 290 (2012).

<u>Affirmed</u>.

HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**

6