# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2020-0294, <u>Alicia Wade v. Frisbie Memorial Hospital & a.</u>, the court on March 18, 2021, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The plaintiff, Alicia Wade, appeals orders of the Superior Court (<u>Howard</u>, J.) which granted summary judgment in favor of the defendants, Frisbie Memorial Hospital, Jonathan C. McMath, M.D., and Rochester Pediatrics Associates Professional Association,[1] in her medical malpractice action, and denied her motion for reconsideration. We affirm.

On appeal, the plaintiff challenges the trial court's determination that her claims were barred by the applicable three-year statute of limitations. <u>See</u> RSA 508:4, I (2010). Specifically, she contends that the trial court erred in its application of the discovery rule set forth in RSA 508:4, I, which provides that

> when the injury and its causal relationship to the act or omission were not discovered and could not reasonably have been discovered at the time of the act or omission, the action shall be commenced within 3 years of the time the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the injury and its causal relationship to the act or omission complained of.

<u>Id</u>. The plaintiff argues that by finding that "she was aware or reasonably should have been aware of her injury and its causal connection to the defendants [by] October 7, 2014 at the latest," and, accordingly, determining that her complaint, which was filed on October 23, 2017, was time-barred, the trial court failed to consider the evidence in the light most favorable to her, the party opposing the motion for summary judgment. <u>See</u> <u>Iannelli v. Burger King Corp.</u>, 145 N.H. 190, 193 (2000).

"In reviewing the trial court's grant of summary judgment, we consider the affidavits and other evidence, and all inferences properly drawn from them, in the light most favorable to the non-moving party." <u>Big League Entm't v. Brox Indus.</u>, 149 N.H. 480, 482 (2003). "If our review of that evidence discloses no genuine issue of material fact, and if the moving party is entitled to judgment as a matter of law, we will affirm the grant of summary judgment." <u>Id</u>. "We review the trial

---

[1] Following the initial complaint, but prior to the trial court's decision, defendant Ira Lubkin, M.D., was voluntarily dismissed from the suit.

court's application of the law to the facts <u>de</u> <u>novo</u>." <u>Id</u>. However, "whether to apply the discovery rule is an issue that is equitable in nature," and "[w]e review a trial court's decision to grant equitable relief for an unsustainable exercise of discretion." <u>Balzotti Global Grp., LLC v. Shepherds Hill Proponents, LLC</u>, 173 N.H. 314, 321 (2020) (quotation and ellipsis omitted). "In doing so, we determine whether the record establishes an objective basis sufficient to sustain the discretionary judgment made. The party asserting that a ruling denying equitable relief is unsustainable must demonstrate that the ruling was unreasonable or untenable to the prejudice of his case." <u>Id</u>. (citation omitted).

As the appealing party, the plaintiff has the burden of demonstrating reversible error. <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's well-reasoned orders, the plaintiff's challenges to them, the relevant law, and the record submitted on appeal, we conclude that the plaintiff has not demonstrated reversible error. <u>See</u> <u>id</u>.

<u>Affirmed</u>.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**
