Rockingham
No. 2012-576

STEVEN P. DICHIARA, JR.

v.

SANBORN REGIONAL SCHOOL DISTRICT & a.

Argued: September 18, 2013
Opinion Issued: November 8, 2013

*Donahue, Tucker & Ciandella, PLLC,* of Exeter (*Christopher T. Hilson* on the brief and orally), for the plaintiff.

*Gallagher, Callahan & Gartrell, P.C.*, of Concord (*Samantha D. Elliot* and *Charles P. Bauer* on the brief, and *Ms. Elliot* orally), for the defendants.

HICKS, J. The plaintiff, Stephen P. Dichiara, Jr., appeals an order of the Superior Court (*Wageling*, J.) granting summary judgment to the defendants, Sanborn Regional School District (School District) and Robert Ficker, on the basis of municipal immunity under RSA 507-B:2 (2010). We affirm.

The following facts are taken from the trial court's order. On December 2, 2008, the plaintiff attended tryouts for Sanborn Regional High School's basketball team. Ficker is the basketball team's coach. At tryouts, the plaintiff participated in a "loose ball" drill, which requires two players to rise from a seated position and attempt to gain control of a loose basketball. During the drill, the plaintiff and the other participating player collided, causing substantial injury to the plaintiff's arm.

The plaintiff filed an action in superior court, alleging negligence on the part of both defendants, and respondeat superior liability of the School District. The defendants moved for summary judgment, arguing, among other things, that they were entitled to statutory immunity under RSA chapter 507-B.

The trial court granted summary judgment in favor of the defendants, ruling that the plain language of RSA 507-B:2 limits negligence claims against governmental units to those "arising out of ownership, occupation, maintenance or operation of all motor vehicles, and all premises," and finding that the plaintiff's injury did not arise out of the operation of the premises. This appeal followed.

On appeal, the plaintiff argues that the trial court misinterpreted RSA 507-B:2 when it ruled that a municipality is only liable for negligence arising out of the municipality's ownership, occupation, maintenance or operation of a motor vehicle or premises. Essentially, the plaintiff maintains that, under RSA 507-B:2, a governmental unit is liable for bodily injuries "caused by its fault or by fault attributable to it," regardless of any connection to a motor vehicle or premises. RSA 507-B:2. The plaintiff does *not* challenge, however, the trial court's ruling that his injuries do not arise out of the defendants' ownership, occupation, maintenance or operation of the premises.

In reviewing the trial court's grant of summary judgment, we consider the affidavits and other evidence, and all inferences properly drawn from them, in the light most favorable to the non-moving party. *Big League Entm't v. Brox Indus.*, 149 N.H. 480, 482 (2003). If our review of that evidence discloses no genuine issue of material fact, and if the moving party

is entitled to judgment as a matter of law, we will affirm the grant of summary judgment. *Id.* We review the trial court's application of the law to the facts *de novo. Id.*

RSA chapter 507-B is entitled "BODILY INJURY ACTIONS AGAINST GOVERNMENTAL UNITS." RSA 507-B:5 provides immunity to "governmental unit[s]" for "any action to recover for bodily injury, personal injury or property damage except as provided by this chapter or as is provided or may be provided by other statute." One such exception to RSA 507-B:5 is RSA 507-B:2, which states that "[a] governmental unit may be held liable for damages in an action to recover for bodily injury, personal injury or property damage caused by its fault or by fault attributable to it, arising out of ownership, occupation, maintenance or operation of all motor vehicles, and all premises." The parties agree that the School District meets the definition of "governmental unit," *see* RSA 507-B:1, I, and that the plaintiff's action is one for "bodily injury."

The plaintiff argues that the trial court's interpretation of RSA 507-B:2 ignores principles of statutory construction and leads to an absurd result. The interpretation of a statute is a question of law, which we review *de novo. See Kenison v. Dubois*, 152 N.H. 448, 451 (2005). We are the final arbiter of the intent of the legislature as expressed in the words of the statute considered as a whole. *Id.* We first examine the language of the statute, and, where possible, we ascribe the plain and ordinary meanings to the words used. *Id.* When the language of the statute is clear on its face, its meaning is not subject to modification. *Dalton Hydro v. Town of Dalton*, 153 N.H. 75, 78 (2005). We will neither consider what the legislature might have said nor add words that it did not see fit to include. *Id.*

The plaintiff urges us to interpret RSA 507-B:2 to permit recovery in fault-based actions for bodily injury, personal injury or property damage absent a connection to a motor vehicle or premises. The plaintiff argues, without citation, that the presence of a comma between the phrases "action to recover for bodily injury, personal injury or property damage caused by its fault or by fault attributable to it" and "arising out of ownership, occupation, maintenance or operation of all motor vehicles, and all premises," requires us to find that the latter phrase does not modify the former. Under the plaintiff's interpretation, RSA 507-B:2 would allow recovery for damages caused by a governmental unit's fault or fault attributable to it, regardless of a connection to the ownership, occupation, maintenance or operation of motor vehicles or premises. Such an interpretation would provide a blanket exception to RSA 507-B:5 for all negligence actions.

■ Under a plain reading of the statute, RSA 507-B:2 provides an exception for fault-based claims only when there is a nexus between the

claim and the governmental unit's ownership, occupation, maintenance, or operation of a motor vehicle or premises. This reading is consistent with our prior applications of RSA 507-B:2. *See Chatman*, 163 N.H. at 323 (reading RSA 507-B:2 as requiring action to arise out of the operation of a motor vehicle). Further, the sentence structure, including the presence of the comma between the phrases "action to recover for bodily injury, personal injury or property damage caused by its fault or by fault attributable to it" and "arising out of ownership, occupation, maintenance or operation of all motor vehicles, and all premises" is consistent with our plain language interpretation.

■ The purpose of RSA chapter 507-B supports our interpretation. In *Merrill v. Manchester*, 114 N.H. 722, 730 (1974), we abrogated municipal immunity, subject to certain exceptions. The legislature responded to our decision in *Merrill* by enacting RSA chapter 507-B. *City of Dover v. Imperial Cas. & Indem. Co.*, 133 N.H. 109, 114 (1990). The new legislation "was intended to define in a comprehensive manner the exposure of local governmental units to liability." *Id.* As we have previously noted, RSA chapter 507-B "seems designed to limit municipal liability arising from tort suits." *Cannata v. Town of Deerfield*, 132 N.H. 235, 243 (1989). In light of the legislature's intent, we will not interpret RSA 507-B:2 as expanding municipal liability.

Contrary to the plaintiff's contention, this interpretation does not lead to an absurd result. Interpreting the phrase "arising out of ownership, occupation, maintenance or operation of all motor vehicles, and all premises" as modifying the phrase "action to recover for bodily injury, personal injury or property damage caused by its fault or by fault attributable to it," RSA 507-B:2, does not render the legislature's inclusion of the term "personal injury" superfluous, as the plaintiff asserts. RSA 507-B:1, III defines "[p]ersonal injury" as:

> (a) Any injury to the feelings or reputation of a natural person, including but not limited to, false arrest, detention or imprisonment, malicious prosecution, libel, slander, or the publication or utterance of other defamatory or disparaging material, invasion of an individual's right of privacy, invasion of the right of private occupancy, wrongful entry or eviction, mental injury, mental anguish, shock, and, except when against the public policy or the laws of New Hampshire, or both, discrimination; and

> (b) Any injury to intangible property sustained by any organization as a result of false eviction, malicious prosecution, libel, slander, or defamation.

The term "personal injury" shall not include "bodily injury" or "property damage."

The plaintiff argues that, under our interpretation, RSA 507-B:2 cannot provide an exception for personal injury actions because those types of actions do not have a nexus with a premises or vehicle. We disagree. While most personal injury actions are unlikely to involve a nexus with a premises or vehicle, there are circumstances under which a plaintiff could recover for a personal injury under RSA 507-B:2. For example, in a proper case, a governmental unit could be liable to a bystander for negligent infliction of emotional distress arising from the negligent operation of a vehicle by an employee.

■ Accordingly, we conclude that RSA 507-B:2 provides an exception to RSA 507-B:5 only when there is a nexus between the injury and a governmental unit's ownership, occupation, maintenance, or operation of a motor vehicle or premises.

*Affirmed.*

DALIANIS, C.J., and CONBOY, LYNN and BASSETT, JJ., concurred.