NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

2nd Circuit Court – Lebanon Family Division
No. 2013-401


IN THE MATTER OF
JOHN G. LYON AND KIMBERLY ANNE WHITE LYON

Submitted: January 22, 2014
Opinion Issued: May 30, 2014


Vitt, Brannen & Loftus, PLC, of Norwich, Vermont (John B. Loftus, III on the brief), for the petitioner.


Rebecca A. Wagner, of West Lebanon, by brief, for the respondent.


CONBOY, J. The respondent, Kimberly Lyon (now McConnell) (Wife), appeals an order of the 2nd Circuit Court – Lebanon Family Division (MacLeod, J.) granting summary judgment to the petitioner, John G. Lyon (Husband), and denying her petition to bring forward and modify alimony. On appeal, she argues that the trial court applied the wrong standard to her petition by requiring her to show a substantial change of circumstances. She contends that to prevail on her petition, she must show that she has a continuing need for alimony and that the Husband has a continuing ability to pay. Although we agree with the Wife that the "substantial change of circumstances" test is not the correct one to apply to the Wife's petition, we disagree with the standard that she articulates on appeal. Because the trial court did not apply the correct standard when it ruled on the Wife's petition, we vacate and remand.

The record establishes the following facts. The parties divorced in May 2007. Their divorce decree incorporated their permanent stipulation, which required the Husband to pay the Wife $3,000 in monthly alimony from January 1, 2007, through June 30, 2007, and $5,000 in monthly alimony from July 1, 2007, through June 30, 2012, "or until the death of either party, whichever first occurs."

On May 31, 2012, the Wife filed a petition to extend the soon-to-expire alimony award for another three years. She alleged in her petition that she needed another three years of alimony because she was newly diagnosed with attention deficit hyperactivity disorder and, without alimony, could not afford the medication that would enable her to timely finish her education. The Husband moved for summary judgment, arguing that the Wife's petition failed to establish that there was an unanticipated or unforeseeable substantial change of circumstances that warranted extending the existing alimony order for another three years. See Laflamme v. Laflamme, 144 N.H. 524, 527-29 (1999). Although the Wife timely objected to the Husband's motion, she failed to support her pleading with the requisite affidavits or other competent evidence "showing specifically and clearly reasonable grounds for believing that contradictory evidence can be presented at trial." RSA 491:8-a, II (2010). Accordingly, when ruling on the Husband's motion, the trial court accepted the facts set forth therein as true. See RSA 491:8-a, IV (2010). The trial court agreed with the Husband that the "substantial change of circumstances" test applied to the Wife's petition and ruled in the Husband's favor. This appeal followed.

"In reviewing the trial court's grant of summary judgment, we consider the affidavits and other evidence, and all inferences properly drawn from them, in the light most favorable to the non-moving party." Dichiara v. Sanborn Reg'l. Sch. Dist., 165 N.H. ___, ___, 82 A.3d 225, 227 (2013). "If our review of that evidence discloses no genuine issue of material fact, and if the moving party is entitled to judgment as a matter of law, we will affirm the grant of summary judgment." Id. at ___, 82 A.3d at 227. "We review the trial court's application of the law to the facts de novo." Id. at ___, 82 A.3d at 227.

The Wife argues that the trial court erred by subjecting her petition to the same standards that govern a motion to modify an alimony award. Although she concedes that a party seeking to modify an alimony award must show "that a substantial change in circumstances has arisen since the initial award, making the current [alimony] amount either improper or unfair," she contends that a party seeking to renew an alimony award need not meet that test. Laflamme, 144 N.H. at 527 (quotation omitted). She argues that the 2001 amendments to RSA 458:14 (2004) and RSA 458:19 (Supp. 2013) "show[ ] that the legislature intended for renewals to be subject to the same standard as initial awards of alimony under RSA 458:19, I, i.e., that the moving

2

party show a need for alimony and an ability to pay on the part of the party from whom it is sought." She also argues that "[s]uch a standard makes sense from a public policy standpoint."

The Husband does not dispute that the Wife's petition was to renew a soon-to-expire alimony award. However, he argues that the "substantial change in circumstances" test applies to both motions to modify alimony and motions to renew an expired alimony award.

Resolving the issues in this appeal requires us to engage in statutory interpretation. We review the trial court's statutory interpretation de novo. In re Guardianship of Eaton, 163 N.H. 386, 389 (2012). In matters of statutory interpretation, we are the final arbiter of the legislature's intent as expressed in the words of the statute considered as a whole. Id. When examining the language of a statute, we ascribe the plain and ordinary meaning to the words used. Id. We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include. Id. Further, we interpret a statute in the context of the overall scheme and not in isolation. Id. When the language of a statute is plain and unambiguous, we do not look beyond it for further indications of legislative intent. Smith v. City of Franklin, 159 N.H. 585, 588 (2010). However, we review legislative history to aid our analysis when the statutory language is ambiguous or subject to more than one reasonable interpretation. Id.

RSA 458:19 provides, in part:

> I. Upon motion of either party for alimony payments, the court shall make orders for the payment of alimony to the party in need of alimony, either temporary or permanent, for a definite or indefinite period of time, if the motion for alimony payments is made within 5 years of the decree of nullity or divorce and the court finds that:

>> (a) The party in need lacks sufficient income, property, or both, including property apportioned in accordance with RSA 458:16-a, to provide for such party's reasonable needs, taking into account the style of living to which the parties have become accustomed during the marriage; and

>> (b) The party from whom alimony is sought is able to meet reasonable needs while meeting those of the party seeking alimony, taking into account the style of living to which the parties have become accustomed during the marriage; and

3

(c) The party in need is unable to be self-supporting through appropriate employment at a standard of living that meets reasonable needs or is allocated parental rights and responsibilities under RSA 461-A for a child of the parties whose condition or circumstances make it appropriate that the parent not seek employment outside the home.

II. Upon motion of either party, the court may make orders for the payment of an alimony allowance when such orders would be just and equitable.

III. Upon a decree of nullity or divorce, or upon the renewal, modification, or extension of a prior order for alimony, the court may order alimony to be paid for such length of time as the parties may agree or the court orders.

. . . .

VII. In cases where the court issues an order for permanent alimony for a definite period of time, such order may be renewed, upon the petition of either party, provided that such petition is made within 5 years of the termination date of the permanent alimony order. Nothing in this paragraph shall be construed to change or alter in any way the terms of the original alimony order.

RSA 458:14 provides: "Except as otherwise provided in RSA 458:19, I and VII, the court, upon proper application and notice to the adverse party may revise and modify any order made by it, may make such new orders as may be necessary, and may award costs as justice may require."

The Wife's argument that the standards governing initial alimony awards apply to awards renewed after they expire is contrary to the plain language of RSA 458:19, I, as we have previously interpreted it. RSA 458:19, I, applies to a motion "of either party for alimony payments." In In the Matter of Canaway & Canaway, 161 N.H. 286, 290 (2010), we explained that this "limiting phrase" makes RSA 458:19, I, applicable to "a motion for new alimony payments." Here, the Wife's petition to "renew" alimony was not a petition for "new alimony payments," but was a petition to extend or renew the existing alimony award.

The Wife's argument also has no support in the legislative history of the 2001 amendments to RSA 458:14 and RSA 458:19. See In re Juvenile 2005-212, 154 N.H. 763, 766 (2007) (statute's silence "arguably creates an ambiguity" allowing resort to legislative history). As we have previously explained in another context, the legislative history shows that those amendments were intended solely to create a five-year limitations period on

4

applications for new alimony when no alimony was ordered in the original decree and on applications for renewed alimony when the original alimony award expired. See In the Matter of Kenick & Bailey, 156 N.H 356, 359 (2007); N.H.S. Jour. 1275 (2001). The legislative history, like the plain language of the statutes themselves, is silent with regard to the standards to apply to petitions to renew an expired alimony award.

The 2001 legislation, House Bill (HB) 509, added paragraph VII to RSA 458:19, added the phrase "if the motion for alimony payments is made within 5 years of the decree of nullity or divorce" to RSA 458:19, I, and added the phrase "[e]xcept as otherwise provided in RSA 458:19, I and VII" to RSA 458:14. See Laws 2001, 246:1-:3. Before HB 509 was enacted, a spouse could seek alimony for the first time or could seek a renewal of a prior alimony award at any time after the divorce became final. See RSA 458:14 (1992), :19 (Supp. 2000); see also In the Matter of Kenick & Bailey, 156 N.H. at 359; N.H.S. Jour. 1275 (2001). The purpose of the 2001 legislation was to "create[ ] [a] . . . statute of limitations on establishing or renewing alimony either from the date of the divorce or nullity decree or from the date of the termination date of alimony payments." N.H.H.R. Jour. 1073 (2001).

In accord with that purpose, RSA 458:19, I, was amended to require that any new petition for alimony be "made within 5 years of the decree of nullity or divorce," and RSA 458:19, VII was added to require that any petition to renew a prior award of permanent alimony for a definite period be "made within 5 years of the termination date of the permanent alimony order." Laws 2001, 256:2, :3. At the same time, the legislature amended RSA 458:14 to add the exception language – "Except as otherwise provided in RSA 458:19, I and VII." Laws, 2001, 256:1. In context, that language clarifies that although, generally, RSA 458:14 allows a trial court in a divorce proceeding "upon proper application and notice" to "revise and modify any order made by it" and "make such new orders as may be necessary," it does not authorize a trial court to make a new alimony order or to renew an expired alimony order when the petition for such order is filed outside of the five-year limitations period in RSA 458:19, I, and VII.

The Wife relies upon the statement of a single witness at a public hearing before the senate judiciary committee who stated that he "assume[d]" that a court would determine whether to grant a renewal "on the current criteria," which he stated involved examining "the need of the person that is requesting alimony and the ability of the person that it's being requested of to be able to pay." Senate Comm. on Judiciary, Hearing on HB 509 (May 16, 2001) at 5-6 (Testimony of John Cameron, Esq.). However, this same witness explained that the 2001 legislation was not intended to "change[ ] the rule that the court applies" when deciding whether to award, modify, or renew alimony. Id. at 7. There is no indication in the legislative history of either RSA 458:14 or RSA

458:19 that the 2001 amendments were intended to abrogate our judicially-created standards governing motions to renew an expired alimony award.

In the instant case, the parties do not articulate, and the trial court did not apply, the correct standard for renewing an expired alimony award. Our prior cases make clear that when an alimony order has terminated and the issue is whether it should be "extended or renewed, either in modified or unmodified form, the burden is upon the party in whose favor the order is to run to establish that justice requires a renewal or extension, and if so, what justice requires as to amount[,] . . . in the light of all the circumstances then existing." Taylor v. Taylor, 108 N.H. 193, 195 (1967) (citations omitted); see also Walker v. Walker, 133 N.H. 413, 417 (1990); Henry v. Henry, 129 N.H. 159, 161-62 (1987); Healey v. Healey, 117 N.H. 618, 621 (1977). We recognize that our cases setting forth the standard governing petitions to renew were decided when, in a divorce in which no children were involved or in which the parties' children had reached the age of majority, alimony automatically expired after three years. See RSA 458:19 (1983); see also In the Matter of Canaway & Canaway, 161 N.H. at 291. Nonetheless, we conclude that the standard we adopted for alimony awards that expired automatically by statute also applies to awards that expire of their own terms. Because the trial court in this matter did not consider the Wife's petition under the correct standard, we vacate its order and remand for further proceedings consistent with this opinion.

Vacated and remanded.

DALIANIS, C.J., and HICKS, LYNN, and BASSETT, JJ., concurred.

6