**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2015-0182, <u>Judith Tompson v. Rockingham County Sheriff's Office</u>, the court on September 18, 2015, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, Judith Tompson, appeals the order of the Superior Court (<u>Anderson</u>, J.) dismissing her claims against the defendant, the Rockingham County Sheriff's Office, based upon RSA 507-B:5 (2010). She argues that the trial court erred in ruling that the defendant is immune from suit in this case.

In reviewing the trial court's grant of a motion to dismiss, our standard of review is whether the allegations in the plaintiff's complaint are reasonably susceptible of a construction that would permit recovery. <u>Chatman v. Strafford County</u>, 163 N.H. 320, 322 (2012). We assume the truth of all well-pleaded allegations of fact and construe all reasonable inferences in the light most favorable to the plaintiff. <u>Id</u>. If the facts do not constitute a basis for legal relief, we will uphold the granting of the motion to dismiss. <u>Id</u>.

In her complaint, the plaintiff alleged that on November 14, 2011, the defendant's employee, a deputy sheriff, was attempting to serve civil process on her, and that when she drove out of the parking lot of her apartment building, he pursued her in his cruiser. When she returned home and started walking across her yard, the deputy approached her from behind and, without warning, knocked her down, physically assaulted her, and used unnecessary and unreasonable force in arresting her.

RSA 507-B:5 provides immunity to "governmental unit[s]" for "any action to recover for bodily injury, personal injury or property damage except as provided by this chapter or as is provided or may be provided by other statute." We have construed RSA chapter 507-B to limit municipal liability arising from tort suits. <u>See</u> <u>Dichiara v. Sanborn Reg'l Sch. Dist.</u>, 165 N.H. 694, 697 (2013). The plaintiff does not contest that the defendant is a "governmental unit," <u>see</u> RSA 507-B:1, I (2010), or that her action is for "bodily injury." Instead, she argues that she is entitled to recover because the deputy violated RSA 594:4, I (2001), which states that "[n]o unnecessary or unreasonable force or means of restraint may be used in detaining or arresting any person," and because RSA 104:28 (2013) provides that "[t]he sheriff is liable for the official conduct of his deputies." The plaintiff's argument fails, however, because neither statute contains an exception to the statutory grant of immunity in RSA 507-B:5.

One exception to RSA 507-B:5 is contained in RSA 507-B:2 (2010), which states that "[a] governmental unit may be held liable for damages in an action to recover for bodily injury, personal injury or property damage caused by its fault or by fault attributable to it, arising out of ownership, occupation, maintenance or operation of all motor vehicles, and all premises." We have construed RSA 507-B:2 to provide an exception for fault-based claims "only when there is a nexus between the claim and the governmental unit's ownership, occupation, maintenance, or operation of a motor vehicle or premises." Dichiara, 165 N.H. at 696-97. Although the deputy had pursued the plaintiff in his cruiser prior to the arrest, the allegedly tortious conduct occurred in the defendant's back yard. In her trial court pleadings, the plaintiff argued that RSA chapter 507-B does not apply because her claims do not arise from the operation of a motor vehicle. Accordingly, we conclude that the allegations do not permit a reasonable inference that a nexus exists between the plaintiff's claims and the operation of a motor vehicle. See id.

Citing Everitt v. Gen. Elec. Co., 156 N.H. 202 (2007), the plaintiff argues that the deputy's wanton and reckless conduct negates official immunity, and that the defendant is vicariously liable for the deputy's conduct. The plaintiff's reliance upon Everitt is misplaced, however, because the trial court based its dismissal upon immunity as set forth in RSA chapter 507-B, not the common law doctrine of official immunity. RSA chapter 507-B contains no exception for wanton and reckless conduct.

In addition, the plaintiff argues that the deputy is not entitled to qualified immunity. This argument is also unavailing, however, because the plaintiff has not alleged a constitutional violation, see Porter v. City of Manchester, 151 N.H. 30, 48 (2004), and the trial court's dismissal was not based upon the doctrine of qualified immunity.

We have reviewed the plaintiff's additional arguments and conclude that they are insufficiently developed, see State v. Blackmer, 149 N.H. 47, 49 (2003), and warrant no further consideration, see Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Assuming the truth of all well-pleaded allegations in the plaintiff's complaint and construing all reasonable inferences in her favor, we conclude that she has failed to allege a basis for legal relief. See Chatman, 163 N.H. at 322.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**