# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2017-0471, <u>Corey A. Rocco v. James Kelley & a.</u>, the court on February 16, 2018, issued the following order:**

Having considered the parties' briefs and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The plaintiff, Corey A. Rocco, appeals an order of the Superior Court (<u>Anderson</u>, J.) dismissing his negligence claims against the defendants, James Kelley, Timberlane Regional High School, and School Administrative Unit No. 55. We affirm.

On appeal, the plaintiff argues that the trial court erred when it determined that the defendants are immune from liability pursuant to RSA 507-B:2 (2010). Resolving the issues in this appeal requires us to engage in statutory interpretation. We review the trial court's statutory interpretation <u>de novo</u>. <u>Appeal of Local Gov't Ctr.</u>, 165 N.H. 790, 804 (2014). "In matters of statutory interpretation, we are the final arbiter of the intent of the legislature as expressed in the words of the statute considered as a whole." <u>Id</u>. "We first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning." <u>Id</u>. "We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include." <u>Id</u>.

RSA chapter 507-B is entitled "BODILY INJURY ACTIONS AGAINST GOVERNMENTAL UNITS." (Bolding omitted.) RSA 507-B:5 (2010) states, "No governmental unit shall be held liable in any action to recover for bodily injury, personal injury or property damage except as provided by this chapter or as is provided or may be provided by other statute." One exception to RSA 507-B:5 is set forth in RSA 507-B:2, which provides, in relevant part: "A governmental unit may be held liable for damages . . . caused by its fault or by fault attributable to it, arising out of ownership, occupation, maintenance or operation of all motor vehicles, and all premises." RSA 507-B:4, IV (2010) extends to municipal employees the immunity provided by RSA 507-B:2 "so long as [the] employee . . . was acting within the scope of his office and in good faith."

RSA 507–B:2 requires a nexus between the plaintiff's claim and the governmental unit's ownership, occupation, maintenance or operation of its motor vehicles or <u>physical</u> premises. <u>Dichiara v. Sanborn Reg'l Sch. Dist.</u>, 165 N.H. 694, 696-97 (2013); <u>see</u> <u>Lamb v. Shaker Reg'l Sch. Dist.</u>, 168 N.H. 47, 51

(2015).  The focus of the parties' dispute is upon whether there is a sufficient nexus between the plaintiff's negligence claims and the governmental unit's "ownership, occupation, maintenance or operation" of the school building.

The plaintiff argues that the defendants are not entitled to immunity under RSA 507-B:2 because he was injured by a school employee while that employee was teaching inside the school building.  The plaintiff argues that teaching is a "school's central purpose," and, thus, that his injuries arise out of the building's occupation or operation.

As the trial court correctly ruled, the plaintiff's arguments are foreclosed by our decision in Lamb.  In that case, we specifically rejected the argument that the word "premises" as used in RSA 507-B:2 includes "the enterprises contained within the premises."  Lamb, 168 N.H. at 51.  We explained that "simply because the alleged injury occurs in connection with the enterprise conducted on the defendant's premises does not mean that it arose out of the defendant's operation of the physical premises."  Id.

Here, the plaintiff has not alleged injuries that stem from the governmental unit's ownership, occupation, maintenance or operation of the school building itself.  Rather, he has alleged injuries that stem from an activity conducted inside the building (namely, teaching).  As the trial court observed, "Teaching is clearly the enterprise within the school building[,] and the supreme court has rejected claims that are tied to the enterprise rather than to the building itself."

By arguing that this result deprives him of a remedy under the State Constitution, the plaintiff essentially argues that Lamb was incorrectly decided. "The doctrine of stare decisis demands respect in a society governed by the rule of law, for when governing legal standards are open to revision in every case, deciding cases becomes a mere exercise of judicial will with arbitrary and unpredictable results."  State v. Quintero, 162 N.H. 526, 532 (2011) (quotation omitted).  We have identified four factors to be considered in determining whether precedent should be overruled.  See id. at 532-33 (discussing factors). The plaintiff has failed to brief the stare decisis factors.  Accordingly, we decline to reconsider our precedent.  See State v. Blackmer, 149 N.H. 47, 49 (2003) (noting that we confine our review to issues the defendant has fully briefed).

Affirmed.

Dalianis, C.J., and Hicks, Lynn, Bassett, and Hantz Marconi, JJ., concurred.

**Eileen Fox,
Clerk**

2