# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0561, <u>L.B., a minor v. G.T., a minor, & a.</u>, the court on April 11, 2025, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See Sup. Ct. R.</u> 20(3). The plaintiff, L.B., appeals two orders of the Superior Court (<u>Temple</u>, J.) dismissing her claims against the defendants, William Morris in his capacity as the Assistant Principal of James Matricola Upper Elementary (the school), Mark McLaughlin in his capacity as the Superintendent of Merrimack School District, SAU No. 26 (the School District), and Merrimack School District, SAU No. 26 (collectively, the school defendants). On appeal, the plaintiff asserts, among other things, that the trial court erred by concluding that her claims against the school defendants were barred by municipal immunity pursuant to RSA chapter 507-B (2010 & Supp. 2024). We affirm.

## I. <u>Facts</u>

The following facts are taken from the trial court's orders. The plaintiff and G.T. were students at the school during the 2019-2020 school year. In November 2019, the plaintiff complied with a teacher's request to provide a statement and interview about an altercation between G.T. and another student that she witnessed. Afterward, G.T. began to target the plaintiff with insults, name-calling, and, in some cases, physical violence. The plaintiff reported these interactions to the school guidance counselor, who notified the assistant principal and other school employees that the plaintiff and G.T. should be kept apart.

About two months after these interactions began, G.T. kicked the plaintiff in the forehead on the playground and caused her head to strike the ground. She suffered injuries to her neck, head, brain, and eyes. The plaintiff's father subsequently arrived at the school, met with the assistant principal and the school guidance counselor, and then brought the plaintiff to the hospital. There, the treating physician diagnosed her with a concussion.

The plaintiff filed a complaint in superior court alleging: (1) G.T.'s parents (the parental defendants) were liable under theories of vicarious liability and negligent supervision; (2) the School District was liable "in its capacity as owner of the school" and under a theory of negligent supervision;

and (3) Morris and McLaughlin breached their duty of care and as a result, while she was on the playground, G.T. kicked the plaintiff and caused injury.

The parental defendants and the school defendants filed motions to dismiss, and the plaintiff filed a motion to amend the complaint. After a hearing, the trial court granted the plaintiff's motion to amend and the defendants' motions to dismiss all but one count in the complaint. As to the remaining count, the court allowed the school defendants to file another motion to dismiss addressing the additional factual allegations in the amended complaint. The school defendants subsequently filed a motion to dismiss the remaining count, which the trial court granted. This appeal, which concerns only the claims against the school defendants, followed.

## II. Analysis

The standard of review when considering a motion to dismiss is whether the plaintiff's allegations are reasonably susceptible of a construction that would permit recovery. Barufaldi v. City of Dover, 175 N.H. 424, 427 (2022). When reviewing a motion to dismiss for failure to state a claim upon which relief may be granted, we assume the truth of the facts alleged by the plaintiff and construe all reasonable inferences in the light most favorable to the plaintiff. Lamb v. Shaker Reg'l Sch. Dist., 168 N.H. 47, 49 (2015). This threshold inquiry involves testing the facts alleged in the pleadings against the applicable law. Barufaldi, 175 N.H. at 427. We need not, however, assume the truth of the statements in the pleadings that are merely conclusions of law. Lamb, 168 N.H. at 49. If the facts do not constitute a basis for legal relief, we will uphold the granting of a motion to dismiss. Id.

At the outset, we note that neither party has provided this court with a copy of the plaintiff's amended complaint. We therefore accept the trial court's characterization of the allegations in the plaintiff's amended complaint and decline to address the plaintiff's arguments to the extent that they are based upon an alternative characterization of the amended complaint. See Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004) ("It is the burden of the appealing party to provide this court with a record sufficient to decide the issues raised on appeal.").

We first address the plaintiff's argument that the trial court "made factual assumptions that should have been left for a jury to decide, and preemptively invoked municipal immunity under an interpretation of RSA 507-B," thereby depriving her of her right to a jury trial. RSA chapter 507-B provides that "[n]o governmental unit shall be held liable in any action to recover for bodily injury, personal injury or property damage except as provided by this chapter or as is provided or may be provided by other statute." RSA 507-B:5 (2010). One exception to RSA 507-B:5 is set forth in RSA 507-B:2,

2

which provides, in relevant part: "A governmental unit may be held liable for damages in an action to recover for bodily injury, personal injury or property damage caused by its fault or by fault attributable to it, arising out of ownership, occupation, maintenance or operation of all motor vehicles, and all premises." RSA 507-B:2. RSA 507-B:2 requires a nexus between the plaintiff's claim and the governmental unit's ownership, occupation, maintenance, or operation of its vehicles or its physical premises. Lamb, 168 N.H. at 51; Dichiara v. Sanborn Reg'l Sch. Dist., 165 N.H. 694, 696-97 (2013) ("Under a plain reading of the statute, RSA 507-B:2 provides an exception for fault-based claims only when there is a nexus between the claim and the government unit's ownership, occupation, maintenance, or operation of a motor vehicle or premises.").

We understand the plaintiff to argue that "damages . . . arising out of operation of . . . all premises" includes injuries caused by negligent supervision of students on a school playground. RSA 507-B:2; see Lamb, 168 N.H. at 49. Specifically, the plaintiff alleges that the School District improperly operated the playground when school employees "breached their duty" to prevent "misuse of the jungle gym" by G.T., and this breach directly and proximately caused the plaintiff's injuries.

The plaintiff's argument is foreclosed by our decision in Lamb. In that case, we rejected the plaintiff's argument that allegations against the school district for breaching its duty of care after a student suffered injuries because another student tackled him on the playground supported a claim of injury arising from the operation of the school's "premises" within the meaning of RSA 507-B:2. Lamb, 168 N.H. at 48, 51. Specifically, we concluded that the term "operation . . . of all premises" in RSA 507-B:2 does not include the operation of a business or enterprise located on those premises, and we held that the RSA 507-B:2 exception to municipal immunity requires "a nexus between the claim and the governmental unit's . . . operation of its physical premises." Id. at 50-51. "Because the plaintiff's allegations that the defendant 'acted in [a] special relationship to' [the plaintiff's son] and breached its duty to him do not support a claim of injury arising out of the defendant's operation of the school's physical premises, her claim does not fall within the exception to municipal immunity created by RSA 507-B:2." Id. at 51.

Here, the trial court correctly concluded that the plaintiff's claim of negligent supervision does not allege injuries that stem from the School District's ownership, occupation, maintenance, or operation of the playground itself. Rather, any allegation of negligent supervision that led to an injury stems from an enterprise conducted on the premises — namely, monitoring students. As the trial court observed, the plaintiff does not allege that the School District's failure to maintain the playground, its structures, or grounds caused an injury. Nor does she allege that the School District breached its

3

duty by directing activities on play structures that resulted in injury.  Cf.
Chatman v. Strafford County, 163 N.H. 320, 321, 326 (2012).

Accordingly, the trial court correctly determined that "'the plaintiff's
allegations that the defendant 'acted in a special relationship to' [the plaintiff]
and breached its duty to [her] do not support a claim of [an injury] arising out
of the defendant's operation'" of the physical premises of the playground, and
"her claim does not fall within the exception to municipal immunity created by
RSA 507-B:2." (Quoting Lamb, 168 N.H. at 51).  Therefore, consistent with our
decision in Lamb, we conclude as a matter of law that the meaning of "damages
. . . arising out of operation of . . . all premises" within RSA 507-B:2 does not
include injuries due to negligent supervision of students on a school
playground.[1]  Consequently, the trial court did not err by dismissing the
plaintiff's claim against the School District.

To the extent that the plaintiff argues that the trial court erred by
dismissing her claims against Morris and McLaughlin for negligence, we
disagree.  Specifically, the plaintiff alleges that maintaining the safety of
students is a "ministerial function[] . . . not granted immunity" under RSA
chapter 507-B.  However, this argument conflates two separate doctrines of
immunity.  In addition to statutory immunity pursuant to RSA chapter 507-B,
we have also recognized the common law doctrine of discretionary function
immunity.  See Maryea v. Velardi, 168 N.H. 633, 637-38 (2016).  The
distinction between ministerial functions and discretionary functions pertains
to the common law doctrine of discretionary function immunity, rather than
statutory immunity pursuant to RSA chapter 507-B.  See id.; RSA ch. 507-B.

Here, the trial court determined that under RSA chapter 507-B Morris
and McLaughlin were not subject to liability.  Accordingly, whether supervising
students is a discretionary or ministerial function has no bearing on the court's
analysis under RSA 507-B:5.  Therefore, we conclude that the trial court did
not err by dismissing the plaintiff's claims against Morris and McLaughlin as a
matter of law.

Next, we address the plaintiff's argument that RSA chapter 507-B does
not bar common law negligence claims against governmental units.  When
enacting legislation, the legislature is presumed to be aware of the common
law.  State v. Hermsdorf, 135 N.H. 360, 363 (1992).  We will not interpret a
statute to abrogate the common law unless the statute clearly expresses that
intent.  See Sweeney v. Ragged Mt. Ski Area, 151 N.H. 239, 241 (2004).

---

[1]  Because the trial court properly dismissed the plaintiff's claims based upon immunity provided
by RSA chapter 507-B, we disagree with the plaintiff that the court erred by declining to consider
her arguments under RSA 508:14.

RSA 507-B:5 is entitled "Effect on Common Law." The provision states that "[n]o governmental unit shall be held liable in any action to recover for bodily injury, personal injury or property damage <u>except as provided by this chapter or as is provided or may be provided by other statute</u>." RSA 507-B:5 (emphasis added). The plain language of the provision, which limits the scope of liability to causes of action created by statute, expresses a clear intent to abrogate common law negligence actions against governmental units, including school districts.

Furthermore, as the trial court correctly noted, the legislature enacted RSA chapter 507-B in response to our decision in <u>Merrill v. Manchester</u>, 114 N.H. 722 (1974), in which we abrogated municipal immunity subject to certain exceptions. <u>Dichiara</u>, 165 N.H. at 697. We have observed that RSA chapter 507-B is "intended to define in a comprehensive manner the exposure of local governmental units to liability." <u>Id</u>. (quotation omitted). RSA chapter 507-B "seems designed to limit municipal liability arising from tort suits." <u>Id</u>. (quotation omitted). Accordingly, we conclude that the trial court correctly determined that the "language of RSA 507-B:5 clearly expresses the legislature's intention to bar any other potential common law claims" against the School District. <u>Cf</u>. <u>Ragged Mt. Ski Area</u>, 151 N.H. at 243 (concluding that the legislature did not abrogate the common law because the defendant was unable to identify a statutory provision that clearly expresses this intent).

### III. Conclusion

For the foregoing reasons, we affirm the trial court's orders granting the school defendants' motions to dismiss. We decline to address the plaintiff's remaining arguments because they were not preserved or not sufficiently developed for our review. <u>State v. Blackmer</u>, 149 N.H. 47, 49 (2003).

<u>Affirmed</u>.

MACDONALD, C.J., and BASSETT, DONOVAN, and COUNTWAY, JJ., concurred; HANTZ MARCONI, J., did not participate in the final vote.

**Timothy A. Gudas,
Clerk**