# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0443, <u>In the Matter of Christopher Taylor and Therese Taylor</u>, the court on April 16, 2025, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See Sup. Ct. R.</u> 20(3). The petitioner, Christopher Taylor, appeals a decision of the Circuit Court (<u>Lemire</u>, J.) challenging rulings pertaining to the trial court's renewal or modification of alimony. We affirm.

The following facts are set forth in the trial court order, are not contested, or are supported by the record. The parties were married in 1997 and have three daughters. As the petitioner acknowledged in his notice of appeal, he had a "lucrative career in information technology sales." The respondent, Therese Taylor, has a high school education. Prior to 2013, she was a part-time music teacher, but she has been disabled since 2013. The petitioner filed for divorce in 2012. The respondent filed an answer and cross-petition and participated in the proceedings to a point, but she later failed to file an appearance or update the court with a new address. A default judgment was issued in the divorce proceeding in June 2013. No child support or alimony orders were issued at that time.

In January 2014, the respondent filed an emergency motion to bring forward final divorce, parenting order and uniform support order for modification. In September 2014, the Trial Court (<u>Weaver</u>, J.) ordered the petitioner to pay the respondent $2,219 per month in child support and $800 per month in spousal support. The trial court found, in part, that the respondent had a "great need for alimony" but that the petitioner's "ability to pay alimony was limited." In January 2016, a two-hour final hearing on modification of child support, alimony and contempt was held, after which the Trial Court (<u>Foley</u>, J.) issued an order finding "on virtually undisputed evidence, that [the petitioner] <u>understated his income on every single Financial Affidavit that he has filed with this Court</u> since, and including, 7/23/14." (Emphasis added.) The trial court also found:

> [The petitioner's] testimony during [the hearing] regarding those understated incomes pushed the boundaries of credibility. [The petitioner] stated that he never looked backward. He only looked forward and tried to estimate his future commissions. In my view,

that was code for ignoring the factual information regarding his income that was on each and every paystub he received.

The trial court awarded the respondent child support and alimony arrearages totaling $51,941 and alimony of $1,000 per month, the alimony to be paid until December 31, 2020. The petitioner appealed, and we affirmed the trial court rulings. See In the Matter of Christopher Taylor and Therese Taylor, No. 2016-0093 (non-precedential order), 2016 WL 7451414 (N.H. Nov. 15, 2016).

Following a three-day hearing in April 2023, the trial court ruled on a number of motions that had been filed by the parties and issued the fifty-three-page narrative order the petitioner now appeals. The trial court found that the petitioner not only continued to underreport his income in his filings with the court, but also "willful[ly] conceal[ed] it." The trial court set aside and vacated several prior support orders, recalculated the petitioner's child support and alimony obligations, and ordered the petitioner to pay the respondent: (1) $21,965 in child support arrearages and $40,700 in alimony arrearages for the period between March 2018 and December 2020; (2) $27,679 in alimony arrearages for the period January 2021 to January 2022 and $52,170 in alimony arrearages for the period January 2022 to June 2023, and (3) alimony in the amount of $3,000 per month until January 1, 2033. On appeal, the husband challenges only the trial court's rulings pertaining to the renewal or modification of alimony; that is, the trial court's order that he pay alimony in the amount of $3,000 per month until January 1, 2033.

The trial court is afforded broad discretion in awarding alimony. In the Matter of Nassar & Nassar, 156 N.H. 769, 772 (2008). We will uphold the trial court's findings and rulings unless they are lacking in evidentiary support or are tainted by error of law. Id. Absent an unsustainable exercise of discretion, we will not overturn the trial court's factual findings, but we review its rulings of law de novo. Id.

The petitioner first argues that the trial court erred as a matter of law because it treated the respondent's motion for alimony as a request for a renewal of alimony, rather than a request to modify. He asserts that the standard for renewal, which places the burden of proof upon the party "in whose favor the order is to run to establish that justice requires a renewal or extension," In the Matter of Lyon & Lyon, 166 N.H. 315, 321 (2014), is a much lower standard than the standard he asserts the trial court should have applied, which requires a party seeking modification to prove that a "substantial change in circumstances has arisen since the initial award, making the current support amount either improper or unfair." Laflamme v. Laflamme, 144 N.H. 524, 527 (1999) (quotation omitted). The petitioner argues that our case law suggests that "renewal is continuation of alimony in the same amount," and that "modification is a change in alimony amount."

2

(Capitalization and bolding omitted.) We have previously considered and rejected this argument. See In the Matter of Hoyt & Hoyt, 171 N.H. 373, 378 (2018).

The petitioner in Hoyt appealed an order reinstating his alimony obligation to the respondent and granting an upward adjustment to his child support payment. Id. at 374. The petitioner in Hoyt made the same argument the petitioner makes here, that is, that the trial court erred because it "modified the original award without proof of a substantial change in circumstances." Id. at 378. In rejecting this argument, we stated:

> The petitioner's argument relies upon an inapplicable standard of proof. It is true that a party seeking to obtain an order modifying a support obligation . . . must show that a substantial change in circumstances has arisen since the initial award, making the current support amount either improper or unfair. However, this standard does not apply to a request to renew an expired award, which is what the respondent sought here. Rather, in the latter scenario, we have articulated that the burden is upon the party in whose favor the order is to run to establish that justice requires a renewal or extension, and if so, what justice requires as to amount, in the light of all the circumstances then existing.

Id. (quotations and citations omitted). In light of the above-quoted language, we find unavailing the petitioner's effort to distinguish Hoyt on the grounds that "it appears the modification standard had been met" there. The trial court here correctly articulated and applied the general standard applicable to requests to renew alimony. See id.

Having concluded that the trial court did not err as a matter of law, we turn to the petitioner's argument that the award of alimony in this case was unreasonable. Because the petition for divorce was filed in 2012, the trial court applied the prior version of the alimony statute and analyzed whether justice required the award of alimony, and if so, in what amount. The petitioner does not challenge the trial court's application of that statute, which authorizes the trial court to award alimony if: (1) the party in need lacks sufficient income, property, or both to provide for his or her reasonable needs, considering the marital standard of living; (2) the payor is able to continue to meet his or her reasonable needs, considering the marital standard of living; and (3) the party in need cannot be self-supporting through appropriate employment at a standard of living that meets reasonable needs. See RSA 458:19, I (2018) (amended 2018).

The trial court found that the respondent had demonstrated a need for alimony because she is 58 years old, has a high school education, and her only

income, totaling $1,170 per month, is from Social Security, Aid to Permanently Disabled, and Supplemental Nutrition Assistance Program. The trial court specifically found the respondent's claim that she has been disabled since 2013 to be credible and supported by the record, and that the respondent had demonstrated a need of $4,600 per month. Regarding the petitioner's ability to pay and his ability to meet his own needs, the trial court noted that the petitioner himself had stated that "he would never say he cannot afford alimony, because he can [afford alimony]," and that the petitioner's earnings after the 2016 order were substantially similar to his earnings prior to the 2016 order. Regarding the petitioner's assertion that his only income at present is from unemployment security benefits, the court stated that it

> considers this information in the context of the overall circumstances in this case. The Court is particularly mindful of what appears to be a near constant change in the Petitioner's employment, the most recent change coinciding with the Respondent's request for alimony. Given the evidence provided to date as to the Petitioner's employment and reporting history, this Court finds that he is presently voluntarily unemployed and imputes the income to him that he was most recently earning . . . $11,250 gross per month, finding he has demonstrated approximately this level of earning capacity for the last several years.

The trial court also took into consideration the petitioner's "sources of income, assets, and overall earning capacity," and concluded that the petitioner has the ability to pay $3,000 per month, effective January 19, 2022 until January 19, 2033. Based upon our review of the record, we cannot conclude that the trial court unsustainably exercised its discretion when it required the petitioner to continue to pay alimony beyond his retirement age. Nor did it unsustainably exercise its discretion when it awarded the respondent alimony to last longer than the length of the marriage. See Nassar, 156 N.H. at 777 (recognizing that the rehabilitative principle of alimony statute is not controlling where supported spouse suffers ill health and is not capable of establishing her own source of income).

In her brief, respondent requests that we order the petitioner to pay her alimony for the years 2021-2033 in a lump sum and to reimburse her in the amount of $20,000 for "the costs of transcripts [and] all related filing fees and legal fees." The respondent's request for an order directing the petitioner to pay alimony for the years 2021-2033 in a lump sum is denied. Because the respondent has not appealed a trial court order denying a request for alimony to be paid in a lump sum, the issue is not properly before us. The respondent's request for attorney's fees is also denied because we cannot conclude that the petitioner's appeal was either frivolous or in bad faith. See Sup. Ct. R. 23. The

respondent's request for costs is denied without prejudice to her filing a request for taxation of costs with itemization within 30 days after the date on the final order pursuant to Supreme Court Rule 23.

<u>Affirmed</u>.

MACDONALD, C.J., and BASSETT, DONOVAN, and COUNTWAY, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**
